## County of Chester v. Borough of West Chester

*Theodore O. Rogers,* for plaintiff.

*Lawrence E. MacElree,* for defendant.

GAWTHROP, P. J., June 25, 1968.—The County of Chester has filed its petition for declaratory judgment to which the Borough of West Chester has filed a responsive answer. No issues of fact are involved. From the pleadings it appears that plaintiff, a county of the fourth class in this Commonwealth, administers a prison known as Chester County Farms and defendant is a borough in said Commonwealth. On September 5, 1966, the mayor of the borough committed one George Thomas to Chester County Farms Prison while awaiting a hearing on a charge of violation of a borough ordinance. On the same date said prisoner sustained a fall at said prison in which he received injuries. Doctor Robert White, a physician employed by the county to attend inmates of said prison, directed removal of the prisoner to Memorial Hospital, West Chester, Pa., for treatment of his injuries and by competent medical authority he was transferred from that hospital to Wilmington Medical Center for further treatment. While confined as a patient in the Medical Center Thomas died, and thereafter the center submitted to the county its bill for his care and treatment in the sum of $769.50. There is no dispute as to the necessity for the services or the reasonableness of the charges.

The county has made demand upon the borough that it either pay the bill of Wilmington Medical Center or, in the alternative, that it pay to the county an amount equal thereto so that the county may pay the bill, on the ground that the charges made and bill rendered by Wilmington Medical Center are an expense of maintaining the said George Thomas payable by the borough. The borough has denied liability therefor and refused to make such payment.

The Act of May 16, 1921, P. L. 579, sec. 1, as last amended by the Act of January 25, 1966, P. L. (1965) 1577, sec. 1, 61 PS §408, established, inter alia, in counties of the Fourth Class " . . . a board, to be known by the name and style of inspectors of the jail or county prisons, . . . in which board, and the officers appointed by it, the safe-keeping, discipline, and employment of prisoners, and the government and management of said institution, shall be exclusively vested; . . . " The same act terminated the responsibility of the sheriff of such counties in regard to the safekeeping of prisoners upon their commitment to the prison.

The Borough Code of February 1, 1966, P. L. (1965) 1656, no. 581, sec. 3306; 53 PS §48306, provides: "Any person arrested for the violation of a borough ordinance may be committed to the borough lockup, pending a hearing or trial, but in case there is no suitable lockup in which to detain prisoners the person arrested may be committed to the county jail". Thomas was committed to the jail under that provision.

Section 3309 of the Borough Code, 53 PS §48309, provides: "When a prisoner shall be committed to any county jail or workhouse, either for the nonpayment of a fine or penalty imposed for the violation of any borough ordinance, or while awaiting a hearing upon any charge for the violation of any borough ordinance, the costs of the proceedings and the expenses of main-

taining such prisoner during his confinement shall be paid by the borough, and the county shall not be liable for any such maintenance or to any person for any costs in such proceedings".

The sole question is whether the words "the expenses of maintaining such prisoner" as used in the Borough Code include the cost of hospitalization and treatment. In our view they do. Under section 3306 of the code the borough is authorized to commit persons, pending a hearing, to the county jail. Under the Act of 1921, as amended, supra, and sections 3306 and 3309 of the code it is implicit that they must be received and detained by the county in that jail. The county has no choice in that respect but the borough is expressly made liable for their maintenance.

We have neither found nor been referred to any Pennsylvania or other appellate authority passing on this precise question. The borough relies on County of Lehigh v. City of Allentown, 4 Lehigh 176, in support of its denial of liability. However, that case held only that in a suit brought under the Act of March 28, 1905, P. L. 61, for cost of maintenance of prisoners the city was liable for the "board" of prisoners committed by the city to the county prison for nonpayment of fines imposed for violations of city ordinances but for nothing more, such as a part of the salaries and expenses involved in operating the prison. The question of liability for the cost of medical or hospital care and treatment of prisoners was not raised or considered, and the decision did not expressly hold them to be excluded from "the expense of maintaining such prisoner" under the 1905 Act.

The words "expenses of maintaining such prisoner" as used in section 3309 of the Borough Code seem to us to include the cost of hospitalization and treatment here involved. "Support and maintenance" have been held to include medical care since proper medical

treatment for the sick is deemed as necessary as providing food for the hungry: 54 C.J.S. Maintenance 905, citing People v. New York Cent. R. Co., 392 Ill. 525, 539, 64 N. E. 2d 895, 901, a case involving a county's support and maintenance of poor persons in a county institution. This construction is consistent with that which has always been given to the "support and maintenance" provisions of section 3 of the Act of 1921, as amended, supra, under which the county has regularly paid expenses of hospitalization and treatment of prisoners committed by this court to the county prison. We think the same construction is applicable to the provisions of section 3309 of the Borough Code, making the borough liable for the charges here involved.

### DECLARATORY JUDGMENT

And now, June 25, 1968, on consideration of the petition of County of Chester in the within matter, the court does hereby order and decree that Borough of West Chester now pay to Wilmington Medical Center the sum of $769.50, being the amount of its charges and its bill submitted under date of September 12, 1966, for hospital care and treatment of George Thomas, a prisoner in Chester County Farms prison there committed by the mayor of said borough pending hearing on a charge of violation of a borough ordinance.