517 A.2d 566

Robert Packer Hospital *v.* Bernard J. Kratochvil, Richard M. Hastings, Sheriff of County of Tioga, and The County of Tioga. Richard M. Hastings, Sheriff of the County of Tioga and The County of Tioga, Appellants.

Guthrie Clinic, Ltd. *v.* Bernard J. Kratochvil, Richard M. Hastings, Sheriff of the County of Tioga, and The County of Tioga. Richard M. Hastings, Sheriff of the County of Tioga, and The County of Tioga, Appellants.

Submitted on briefs September 8, 1986, to Judges MacPhail and Palladino, and Senior Judge Barbieri, sitting as a panel of three.

2

*William A. Hebe, Spencer, Gleason & Hebe,* for appellants.

*R. Joseph Landy, Landy & Zeller,* for appellee.

*Roland Morris,* for Amicus Curiae.

OPINION BY JUDGE MACPHAIL, November 6, 1986:

Richard M. Hastings, Sheriff of the County of Tioga, and the County of Tioga, hereinafter Appellants,[1] appeal two orders of the Court of Common Pleas of Tioga County which: (1) granted Judgment on the Pleadings in favor of Robert Packer Hospital[2] and (2) granted Summary Judgment in favor of Guthrie Clinic, Ltd.[3]

---

[1] Although Bernard Kratochvil was a named defendant below, he has entered no appearance here and our reference to "Appellants" in this opinion only refers to Richard M. Hastings, Sheriff of Tioga County and the County of Tioga. Kratochvil's present whereabouts is unknown.

[2] This judgment is docketed at No. 337, 1984 and is in the amount of $51,556.68 with interest from November 14, 1983.

[3] This judgment is docketed at No. 203, 1985 and is in the amount of $13,016.80 with interest from January 31, 1984.

These appeals have been consolidated because they involve identical issues. The orders rendered were both based on the reasoning set forth in the opinion and final order entered in favor of Robert Packer Hospital; consequently, that order will be the subject of our review.

While a prisoner at the Tioga County jail, Bernard J. Kratochvil ingested a bottle of toilet bowl cleaner. As a result, Kratochvil suffered severe injuries which necessitated an extended hospital stay.[4] The hospital directed its bill to both Bernard Kratochvil and to Richard M. Hastings, Sheriff of Tioga County. Both parties refused to pay despite the hospital's repeated demands. The hospital then filed suit to recover on its bill and named Bernard Kratochvil, Richard M. Hastings, Sheriff of Tioga County, and the County of Tioga as defendants. Appellee hospital subsequently moved for Judgment on the Pleadings which was granted against the three above named defendants on January 15, 1986 in the amount of $51,556.68.

Appellants' sole argument here is that they are not liable for Kratochvil's medical expenses since they arise from self-inflicted injuries. Appellants posit that Section 1 of the Act of May 11, 1949 (Act of 1949), P.L. 1191, 61 P.S. §419.1, which imposes upon the sheriff of the county the burden for "safekeeping, care and maintenance" of prisoners, should be strictly construed to include routine medical care and maintenance, but that it should not include the cost of medical expenses which result from self-inflicted injuries. Appellants argue that Kratochvil alone is liable for his hospital bills.

Appellees argue that the self-inflicted nature of Kratochvil's injuries is not relevant in determining lia-

---

[4] Kratochvil was transported to the Robert Packer Hospital on September 21, 1983 where he remained for treatment until November 14, 1983. While there, he also received treatment from Guthrie Clinic.

bility under the Act of 1949. Appellees further argue that what is important in determining liability for these medical expenses is the fact that Kratochvil was in the sheriff's custody when the need for medical treatment arose.

We note that this factual situation provides this Court with an issue of first impression; namely, whether the Act of 1949 imposes liability for medical expenses upon the sheriff where the prisoner is in the sheriff's custody but the injuries are self-inflicted. In light of our limited scope of review,[5] this is the only issue we need determine.

Section 1 of the Act of 1949 provides in relevant part: "[i]n every county of the sixth, seventh and eighth classes, the government, management and control of the county jail or prison *and the safekeeping, care, maintenance,* discipline and employment of the prisoners therein, *is vested in the sheriff of the county* and the officers and employes appointed by him, as hereinafter provided." (Emphasis added.)[6]

Section 3 of the Act of 1921, *as amended,* 61 P.S. §410 provides in relevant part that: "all the expenditures required for the support and maintenance of prisoners, . . . shall be paid from the county treasury. . . ." Appellees argue that read together these provisions

---

[5] On appeal from the granting by the trial court of a motion for judgment on the pleadings, "the reviewing court will not consider doubtful cases or make any broad inquiry into the facts, but will only determine whether or not the action of the court below was based on a clear error of law, or whether there were facts disclosed by the pleading which ought to be passed on by a jury." 16 Std. Pa. Pract. 2d §91.63 at 489 (1983) (footnotes omitted).

[6] Tioga County is a Sixth Class County. Since the record is silent, we assume that Tioga County has not elected to have its prison operated by a prison board. *See* Section 1 of the Act of May 16, 1921 (Act of 1921), P.L. 579, *as amended,* 61 P.S. §408.

place the burden for Kratochvil's medical bills on Appellants. We agree.

Appellants cite *Commonwealth v. Lyles,* 77 Pa. Commonwealth Ct. 15, 464 A.2d 712 (1983) for the proposition that the Commonwealth cannot be ordered to pay a prisoner's medical bills where the medical condition necessitating treatment was not of the prison system's making. Appellants have misinterpreted *Lyles.* In *Lyles,* the court noted that the prisoner's paraplegia was not incurred as a result of his prison detainment by the Commonwealth. Lyles was an escapee from a State Correctional Institution in the process of being recaptured when he was shot and injured. Clearly, he was not in the custody of the correctional institution at the time of the injury. It was under these facts that the court said the injury was not of the prison system's making.

In the instant case, Kratochvil was in prison when he ingested poison. He was in the custody of the sheriff when his injuries occurred. We must agree with Appellees that it is the sheriff's custody of the prisoner at the time the injury occurs that imposes liability on him under the Act of 1949. Whether the injury is self-inflicted is not important.

Support for this interpretation of the Act of 1949 is found in two similar Pennsylvania cases. In *County of Chester v. Borough of West Chester,* 45 Pa. D. & C. 2d 683 (1968), a prisoner committed to the county jail suffered a fatal fall. The court interpreted a provision of the Borough Code which made the Borough liable for the "expenses of maintaining" prisoners placed in the county jail. There the court determined that the words "the expenses of maintaining such prisoner" included the cost of hospitalization and treatment. *Id.* at 686.

In *Commonwealth v. Holden,* 103 P.L.J. 59 (C.P. Pa. 1954), two prisoners were ordered removed from the

Allegheny County jail and were placed in a hospital for treatment. The court there interpreted a statute which provided that: "all the expenditures, required for the support and maintenance of prisoners . . . shall be paid from the county treasury, . . ." *Id.* at 61. The court determined that the statutory language requiring "support and maintenance" of prisoners included the cost of medical treatment necessary to maintain a person's health.

In light of these cases, we must agree with Appellees that the relevant statutory language we have quoted from the Acts of 1921 and 1949 places the liability for Kratochvil's medical expenses on the Sheriff of Tioga County and the County of Tioga in this case.

Accordingly, we affirm the orders of the Court of Common Pleas of Tioga County.

### ORDER

The orders of the Court of Common Pleas of Tioga County in the above-captioned matters are affirmed.