616 A.2d 140

**Michael WARREN, Petitioner,**

v.

**PENNSYLVANIA DEPARTMENT OF CORRECTIONS; State Correctional Institution at Frackville, Respondents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 10, 1992.

Decided Sept. 28, 1992.

As Corrected Oct. 7, 1992.

---

Michael Warren, petitioner, for himself.

David L. Horwitz, Asst. Counsel, for respondents.

Before PALLADINO, and PELLEGRINI, JJ., and NARICK, Senior Judge.

PALLADINO, Judge.

Now before us for disposition are the joint preliminary objections of the Pennsylvania Department of Corrections (Department) and the State Correctional Institution at Frackville (Frackville) to the petition for review filed in our original jurisdiction by Michael Warren, an inmate at Frackville. We sustain the preliminary objections and dismiss Warren's petition.

In his petition for review, Warren avers that he is a hemophiliac who cannot receive proper medical treatment at Frackville or other state correctional institutions because these institutions do not stock Factor VIII, the blood-clotting agent administered to control hemophilia.[1] On this basis, Warren claims violations of his civil rights pursuant to the eighth and fourteenth amendments of the United States Con-

---

1. Realizing that Warren's petition for review does not challenge any administrative agency adjudication or trial court order, the commonwealth court issued a per curiam order dated February 25, 1992, which states that Warren's petition "shall be treated as a petition for review addressed to this Court's original jurisdiction. *See* 42 Pa.C.S. § 761; Pa.R.A.P. 1502."

stitution and requests either transfer to an institution equipped to treat his hemophilia or release from prison.[2]

In their preliminary objections to Warren's petition, the Department and Frackville assert that Warren's petition for review must be dismissed on the following grounds: (1) the Department and Frackville cannot be sued for a civil rights violation under 42 U.S.C. § 1983, (2) the commonwealth court cannot consider a writ of habeas corpus unless it is ancillary to a case in the court's appellate jurisdiction, (3) an application for modification of sentencing must be addressed to the sentencing court pursuant to 61 P.S. § 81, (4) Warren has failed, with respect to his section 1983 claim, to allege facts showing an intentional indifference to a serious medical need and (5) Warren has failed, with respect to his habeas corpus claim, to exhaust his administrative remedies and to allege facts showing conditions of imprisonment rising to the level of cruel and unusual punishment.[3]

■ Preliminary objections may be sustained where, as a matter of law, the petition for review does not establish a right to relief. *Foster v. Peat Marwick Main & Co.,* 138 Pa.Commonwealth Ct. 147, 587 A.2d 382 (1991).

## I.

■ The Department and Frackville argue that they are not amenable to suit under the Civil Rights Act of 1871, 42 U.S.C. § 1983, because they are not persons within the meaning of section 1983.

In pertinent part, section 1983 provides that

[e]very *person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the depriva-

2. Upon his conviction for conspiracy and possession of a dangerous, controlled substance with intent to deliver, Warren was sentenced to imprisonment for a term of three to six years.

3. Our analysis of the first, second and third grounds requires us to dismiss Warren's petition for review in its entirety and makes it unnecessary for us to discuss the fourth and fifth grounds.

tion of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

(Emphasis added.) Consequently, to be amenable to suit under section 1983, the Department and Frackville must qualify as persons within the intendment of section 1983.

In *Will v. Michigan Department of State Police,* 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989), the United States Supreme Court held that neither a state nor a state agency is a person for purposes of section 1983 lawsuits. *Accord Flesch v. Eastern Pennsylvania Psychiatric Institute,* 434 F.Supp. 963 (E.D.Pa.1977); *Faust v. Department of Revenue,* 140 Pa.Commonwealth Ct. 389, 592 A.2d 835 (1991), *petition for allowance of appeal denied,* 530 Pa. 647, 607 A.2d 257 (1992).

It is undisputed that both the Department and Frackville constitute Commonwealth agencies. Under section 201 of The Administrative Code of 1929, Act of April 9, 1929, P.L. 177, *as amended,* 71 P.S. § 61, the Department is designated an administrative department of the Commonwealth. *See also* 2 Pa.C.S. § 101. Pursuant to the administrative regulation at 4 Pa.Code § 9.1, Frackville is identified as a component of the Department.

Therefore, we hold that the Department and Frackville are not subject to suit under 42 U.S.C. § 1983.

## II.

The Department and Frackville contend that Warren's petition for review includes an action not cognizable in the commonwealth court's original jurisdiction, namely, an application for a writ of habeas corpus.

Subsection 761(a)(1)(i) of the Judicial Code, 42 Pa.C.S. § 761(a)(1)(i), states that the commonwealth court has original jurisdiction of all civil actions against the Commonwealth of Pennsylvania except actions "in the nature of applications for a writ of habeas corpus or postconviction relief not ancillary to proceedings within the appellate jurisdiction of the court."

*Accord McNair v. Owens,* 133 Pa.Commonwealth Ct. 357, 576 A.2d 95 (1990).

An application for a writ of habeas corpus requests the applicant's release from imprisonment. *Szymanski v. Allegheny County Court Criminal Division,* 77 Pa.Commonwealth Ct. 316, 465 A.2d 1081 (1983). At the conclusion of his petition for review, Warren makes the following prayer for relief: "Order respondent[s] to ... otherwise promptly *release petitioner from custody of the Pa. Dept. of Corrections.*" Warren's Petition for Review dated February 18, 1992, at 4 (emphasis added).

Consequently, we hold that Warren's petition includes an application for a writ of habeas corpus which the commonwealth court is without jurisdiction to hear.

## III.

■ Finally, the Department and Frackville argue that the commonwealth court lacks jurisdiction to consider that portion of Warren's petition for review which seeks Warren's transfer to an institution capable of providing appropriate medical care for any prospective bleeding problems.

Section 1 of the Act of May 31, 1919, P.L. 356, *as amended,* 61 P.S. § 81, permits the transfer of a seriously ill prisoner from a prison to a suitable institution where proper medical treatment is available. In significant part, section 1 states:

Whenever any convict ... is confined in any ... prison, house of correction or any other penal institution, under conviction or sentence of a court, ... and it is shown by due proof that such convict ... is seriously ill, and that it is necessary that he ... be removed from such penal institution, *the court shall have power to modify its sentence ...* and provide for the confinement or care of such convict ... in some other suitable institution where proper treatment may be administered.

(Emphasis added.)

The emphasized portion of section 1 clearly indicates that an application for modification of a sentence to enable medical

treatment of a seriously ill prisoner must be addressed to the court which imposed the contested sentence, i.e., the court of common pleas. *See Commonwealth v. Lyles,* 77 Pa.Commonwealth Ct. 15, 464 A.2d 712 (1983); *Commonwealth v. Landi,* 280 Pa.Superior Ct. 134, 421 A.2d 442 (1980).

■  Accordingly, we hold that section 1 does not vest the commonwealth court with original jurisdiction to entertain an application for modification of a sentence which was imposed by a court of common pleas.[4]

## IV.

Having held that the Department and Frackville are not subject to suit under 42 U.S.C. § 1983 and that the commonwealth court does not have jurisdiction over Warren's habeas corpus and sentence modification claims, we sustain the preliminary objections filed by the Department and Frackville and dismiss Warren's petition for review in its entirety.

## ORDER

AND NOW, September 28, 1992, the preliminary objections filed in the above-captioned case by Respondents Pennsylvania Department of Corrections and State Correctional Institution at Frackville are hereby sustained insofar as they relate to this court's lack of jurisdiction over the 42 U.S.C. § 1983, habeas corpus and sentence modification claims raised in the petition for review filed by Petitioner Michael Warren in the above-captioned case. The petition filed by Michael Warren in the above-captioned case is hereby dismissed in its entirety.

4.  Moreover, to the extent that Warren's petition for review may be regarded as a request for mandamus to compel modification of Warren's sentence, we note that mandamus is not appropriate where there is an adequate remedy at law or where the person seeking mandamus does not have a clear legal right to the relief sought. *Wudkwych Appeal,* 84 Pa.Commonwealth Ct. 468, 479 A.2d 82 (1984). We conclude that mandamus does not lie in the present case because section 1 provides Warren with an adequate remedy at law for seeking a modification of sentence and it is not clear that Warren has a legal right to be transferred from Frackville to another institution. *See Landi.*