COMMONWEALTH of Pennsylvania, Appellee,

v.

**Brian TUDDLES, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 16, 2001.

Filed Aug. 14, 2001.

Jordan B. Yeager, Bethlehem, for appellant.

John M. Morganelli, Assistant District Attorney, Easton, for Com., appellee.

Before: EAKIN, MONTEMURO * and BECK, JJ.

EAKIN, J.

¶ 1 This appeal from the denial of a Petition to Change the Locus of Sentence involves two relatively obscure statutes, 61 P.S. § 81, Illness of Prisoner; Removal For Treatment, and 61 P.S. § 2141, Absence From Jail For Occupational And Other Purposes.

¶ 2 Appellant was convicted of burglary and assault, and received an aggregate sentence of ten to twenty years in prison. On direct appeal, he raised a number of issues, including a challenge to the discretionary aspects of his sentence. This Court rejected the majority of his claims, but concluded his sentencing issue had merit, as the learned trial court failed to state on the record the reasons for its departure from the sentencing guidelines. We remanded for resentencing.

¶ 3 At resentencing, appellant's counsel presented a confidential letter which indicated appellant was seriously ill and needed particular medical care. The trial court resentenced appellant to thirty (less two days) to sixty (less one day) months of county incarceration, and explained its reasons for the considerable reduction:

> I'm going to significantly change the sentence to reflect the recommendations of your doctor, and I'm going to explain this.
>
> * * *
>
> I have departed below the guidelines in order to keep you available to your present treating physician. I gather that you have recently had two surgeries and information I have been given is that you need—you can be managed most effectively by your current physicians. You may be released from Northampton County Prison for medical treatment. So my entire plan here is to maintain the continuity of your medical treatment.
>
> * * *
>
> The facts of this particular offense were more egregious than the normal burglary.
>
> * * *

* Justice Montemuro did not participate in the decision of this matter.

I also had, quite frankly, very significant doubts as to whether you are amenable to rehabilitation.

\* \* \*

So for those reasons, I ·felt that some confinement is absolutely appropriate, and I'm departing below the guidelines to accommodate your medical needs.

I have given you the most extensive sentence I can give you and keep you local, keep you available to your doctor. That's the bottom line. That's the plan here.

N.T. Sentencing, 12/6/99, at 29–32.

¶ 4 In May, 2000, appellant petitioned the court to change his sentence to house arrest. He claimed that Northampton County Prison's handling of his medical care caused him further medical problems, additional surgery, and that he had been diagnosed with pneumonia. His petition alleged the prison failed to follow the trial court's order regarding his treatment, resulting in missed medication, inappropriate medication, missed treatment and pre-operative testing, delays in proper care, and hospitalization. The court denied appellant's petition; this appeal followed.

■ ¶ 5 Appellant has based his claims on 61 P.S. §§ 81 and 2141, which provide, respectively:

Whenever any convict or person is confined in any jail, workhouse, reformatory, or reform or industrial school, penitentiary, prison, house of correction or any other penal institution, under conviction or sentence of a court, or is so confined while awaiting trial or confined for any other reason or purpose and it is shown to a court of record by due proof that such convict or person is seriously ill, and that it is necessary that he or she be removed from such penal institution, the court shall have the power to modify its sentence, impose a suitable sentence, or modify the order of confinement for trial, as the case may be, and provide for the confinement or care of such convict or person in some other suitable institution where proper treatment may be administered. Upon the recovery of such person, the court shall recommit him or her to the institution from which he or she was removed.

61 P.S. § 81.

Whenever any person has been sentenced to undergo imprisonment in a county jail . . . , for a term of less than five years the court, at the time of sentence or at any time thereafter upon application made therefor, may by order direct the sheriff, prison keeper, jail keeper, warden or other administrative head of a jail to permit the prisoner to leave the jail during necessary and reasonable hours for the purpose of working at his employment, conducting his own business or other self-employed occupation, including housekeeping and attending to the needs of family, seeking employment, attendance at an educational institution, securing medical treatment or such other lawful purposes as the court shall. consider necessary and appropriate. The order of court may be rescinded or modified at any time with or without notice to the prisoner.

61 P.S. § 2141.

¶ 6 Section 81 was enacted in 1919 and amended once; it has been the subject of few appellate cases. In *Commonwealth v. Lyles*, 77 Pa.Cmwlth. 15, 464 A.2d 712 (1983), while not deciding whether relief under Section 81 was appropriate, the Court found the state was not responsible for the cost of hospitalizing an inmate pursuant to Section 81. *Id.* at 713. In *Commonwealth v. Landi*, 280 Pa.Super. 134, 421 A.2d 442 (1980), the Court found a paraplegic inmate was not entitled to re-

consideration of his sentence based on Section 81, because "although obviously disabled, [he was] ... not seriously ill and incarceration pose[d] no threat to his physical welfare." *Id.* at 444.

¶ 7 In *Commonwealth v. Deaner*, 779 A.2d 578, 2001 Pa.Super. 191 (2001) an inmate filed a petition to modify his sentence because of his diabetes, and claimed the trial court should have held a hearing to evaluate his condition and the medical care he was given in prison. Citing the reasoning in *Commonwealth v. Lanehart*, 15 Pa.D. & C.4th 599, 1992 WL 562671 (1992), *affirmed*, 427 Pa.Super. 643, 625 A.2d 91 (1992),[1] this Court held "Section [81] only provides for transfer or sentence modification where the institution lacks the resources to properly care for an inmate, or where the inmate's removal is in the best interest of the institution as a whole." *Deaner* at 581. Because the inmate failed to make out a *prima facie* claim under Section 81, no hearing was required.

¶ 8 Unlike the inmate in *Landi, supra*, appellant has alleged a serious illness; however, as in *Deaner, supra*, his allegations do not go beyond the adequacy of his treatment. He does not claim his current facility lacks the resources to treat him or that its collective health is endangered by his illness. His sole complaint is neglect in treatment and medication, which is capable of being remedied without transfer.

■ ¶ 9 Judges may not indiscriminately denominate the place a prisoner is housed statutes and regulations establish the presumptive place of confinement. Section 81 provides a court with authority to transfer an inmate to "*some other suit-able institution* where proper care may be administered." Appellant, however, is not seeking transfer; he is seeking house arrest, or permission to leave the jail unattended for medical appointments. Because Section 81 is clearly meant to recognize the authority to transfer from one institution to another, appellant's petition is not the proper subject of a Section 81 claim. We find no abuse of discretion in the denial of relief under this section without a hearing.[2]

■ ¶ 10 We also conclude the trial court properly denied relief under Section 2141. This statute was enacted to recognize the judge's power to permit a prisoner to attend to matters outside the prison walls when the court deems it "necessary and appropriate." The Act is titled "An Act *authorizing* courts ...";  it is not an act *directing* courts to release, nor does it create a statutory right to release. It does not suggest standards or procedures under which such a release should be granted, consistent with an intent to establish the court's discretionary authority, not a prisoner's entitlement.

■ ¶ 11 This statute allows a court to allow a temporary release, such as permitting a prisoner to attend a funeral, complete a worthwhile educational program, or attend a medical appointment. It also allows a court to effectuate programs such as work release. The statute does not create a right or a mechanism for prisoners to claim entitlement to go outside the walls. It does nothing more than recognize by statute the power to direct a temporary release when the court deems it

---

1. In *Lanehart,* the trial court stated Section 81 was not intended to address general shortcomings in prison medical care, but to provide for the removal of the seriously ill inmate for his good and the good of the institution.

2. Resentencing gave appellant the consideration contemplated by Section 81. His original sentence placed him in a state institution; the court converted it to a county sentence so he could continue to be treated by local doctors.

proper; it does not suggest the court is at any time obligated to do so.

¶ 12 The court here had considerable familiarity with appellant's medical condition, as shown at the time of the modified sentence. Appellant disagrees with the denial of the petition, of course, but we cannot find a prisoner is entitled to a hearing for every disagreement over treatment while in jail. If there were such an entitlement, it must apply equally to all the enumerated situations in the statute, such as "housekeeping and attending to the needs of family, seeking employment …"; we cannot find the goal of this statute to be such a sweeping change of sentencing law.

¶ 13 Appellant would take the steering wheel of sentencing from the trial court and allow the prisoner to determine which road the criminal justice system takes. This is not a Greyhound commercial, however, and appellant is the passenger, not the driver; we decline to leave the driving to him. Finding no error in declining a further hearing, nor in refusing to allow this sentence to be served at home, we affirm the denial of appellant's petition.

¶ 14 Order affirmed.