COMMONWEALTH of Pennsylvania,
Appellee,

v.

Scott M. KOSITI, Appellant.

Superior Court of Pennsylvania.

Submitted June 6, 2005.
Filed July 19, 2005.

Scott M. Kositi, appellant, Pro Se.

Andrea F. McKenna, Atty. General's Office, Harrisburg, for Com., appellee.

BEFORE: KLEIN, BOWES, and GANTMAN, JJ.

OPINION BY GANTMAN, J.:

¶ 1 Appellant, Scott M. Kositi, asks us to determine whether the trial court erred in denying and dismissing his petition for reconsideration or modification of sentence for medical reasons, on the ground that the petition was merely an untimely motion for sentence modification, which the court lacked jurisdiction to address. We hold the court erred in dismissing the petition on the stated jurisdictional grounds, where Appellant's petition for relief fell within the purview of 61 P.S. § 81 ("Act 61") (allowing limited sentence modification to provide for petitioner's special medical needs). We further hold Appellant made out a *prima facie* claim for relief under Act 61. Accordingly, we reverse and remand for further proceedings.

¶ 2 The relevant facts and procedural history are as follows. On October 16, 2000, Appellant entered a guilty plea to charge of possession with intent to deliver a controlled substance (heroin), two counts of corrupt organizations, and criminal conspiracy. On December 12, 2000, the trial court sentenced Appellant to six and a half to thirteen years' imprisonment and a $15,000.00 fine. Appellant did not file a direct appeal.

¶ 3 Appellant filed a timely petition for post conviction relief ("PCRA")[1] on December 12, 2001. Counsel was appointed and the court denied relief. This Court ultimately affirmed that decision on August 15, 2003.

¶ 4 On September 24, 2004, Appellant filed the following petition:

**[PETITION] FOR RECONSIDERATION AND/OR MODIFICATION OF SENTENCE *NUNC PRO TUNC* FOR MEDICAL REASONS**

* * *

1) [Appellant] was sentenced to a term of imprisonment of [six and a half to thirteen years] for a guilty plea to the crime of possession with intent to deliver heroin, 780–113.

2) [Appellant] has served approx. five years of sentence in various institutions throughout the State of Pennsylvania,

1. 42 Pa.C.S.A. §§ 9541–9546.

and who now is almost upon the completion date of his in-patient drug and alcohol rehabilitation program at SCI Chester. This facility is run by Gaudenzia House. The completion date is Oct. 26, 2004.

3) In December of 2001, [Appellant] was diagnosed with the sometimes fatal disease, Hepatitis–C.

4) In November 2002, [Appellant] was given the treatment authorized by the Department of Corrections: Interferon (injection) and Riboviron (600 mg.) daily.

5) In February while at SCI Waynesburg, [Appellant] became very sick from the treatment and subsequently had to be removed from the treatment.

6) To date [Appellant] has not had a biopsy, (which is the standard treatment in these cases) and the Department of Corrections will not afford the costs of such a procedure.

7) [Appellant's] viral load is at over five-million. [Appellant] had no choice but to request the interferon (which is the only treatment available to prisoners) although there are numerous other more up-to-date treatments available.

8) The Department of Corrections is not equipped to provide daily therapy, and unless [Appellant] receives these up-to-date treatments, his confinement will constitute cruel and unusual punishment.

9) The Department of Corrections ("DOC") "is not a medical provider and should not be solely liable for the expense of treatment of every person who at some time is placed in the system." *See Commonwealth v. Lyles,* [77 Pa. Cmwlth. 15,] 464 A.2d 712, 714 (Pa. Cmwlth.1983), *citing City of Revere v. Massachusetts General Hospital,* [463 U.S. 239,] 103 S.Ct. 2979, 77 L.Ed.2d 605 (1983). The *Lyles* court found that this conclusion is particularly appropriate, where, as here, the DOC did not cause the injury.

10) Accordingly, the court in *Lyles* approved the [trial court's] modification of its sentence, twenty to forty years and re-sentenced the defendant to thirty years' probation.

11) The Pennsylvania Legislature recognizing this situation long ago set forth the following statute at 61 P.S. § 81:

Whenever any convict or person is confined in any jail, workhouse, reformatory, or reform or industrial school, penitentiary, prison, house of correction or any other penal institution, under conviction or sentence of a court, or is so confined while waiting trial or confined for any other reason or purpose and it is shown to a court of record by due proof that such convict or person is seriously ill, and that it is necessary that he or she be removed from such penal institution, that the court should have power to modify its sentence, impose a suitable sentence, or modify the order of confinement for trial, as the case may be, and provide for the confinement or care of such convict or person in some other suitable institution where proper treatment may be administered. Upon the recovery of such person, the court shall recommit him or her to the institution from which he or she was removed.

12) [Appellant] needs the same costly and continuing treatment as the defendant in *Lyles,* and it is submitting that modification of sentence to a community-based sentence to allow [Appellant] to continue his treatment in New Jersey is appropriate.

13) [Appellant] has served five years of his six and a half year minimum, is not a threat to himself or the community, has completed numerous treatment pro-

grams including his most recent twelve month in-patient drug and alcohol program at SCI Chester, and above all else, [Appellant] has remained drug and alcohol free and plans a future of living within the guidelines of the NA/AA Twelve Step program.

Wherefore, [Appellant] prays, for all the foregoing reasons, this Honorable Court should modify the sentence to a community-based sentence.

(Appellant's Petition, filed September 24, 2004, at 1–3). The trial court denied Appellant's petition on the same day.[2] The court explained its reason for denying the petition in its opinion dated November 3, 2004. Basically, the court interpreted Appellant's petition as an untimely post-sentence motion for sentence reduction. As a result, the court held:

With more than thirty (30) days passing from the sentencing order of December 12, 2000, this court is without jurisdiction to reconsider and/or modify the sentence imposed upon [Appellant].

(Trial Court Opinion, dated November 3, 2004, at 4). Appellant filed this timely appeal.[3] No Rule 1925(b) concise statement was ordered or filed.

¶ 5 In his initial brief on appeal, Appellant raises two issues for our review:

DID THE COURT OF COMMON PLEAS OF GREENE COUNTY, PENNSYLVANIA ACT APPROPRIATELY WHEN IT DENIED APPELLANT AN EVIDENCE HEARING ON HIS MOTION TO MODIFY SENTENCE WITHOUT GIVING

REASONS THEREFORE AND REQUIRING APPELLEE TO FILE AN ANSWER AND WHEN THE FACTS THAT APPELLANT ALLEGED IN HIS PETITION MADE OUT A *PRIMA FACIE* CASE FOR RELIEF?

DID THE COURT OF COMMON PLEAS OF GREENE COUNTY, PENNSYLVANIA HAVE JURISDICTION TO ALLOW APPELLANT AN EVIDENCE HEARING ON HIS MOTION TO MODIFY SENTENCE FOR MEDICAL REASONS AND GRANT APPELLANT RELIEF BASED UPON THE CONCLUSION REACHED FOLLOWING SAID HEARING?

(Appellant's Brief at 4). In his reply brief, Appellant raises the following issue:

ASSUMING THAT THIS COURT FINDS THAT THE COURT OF COMMON PLEAS OF GREENE COUNTY, PENNSYLVANIA, ACTED INAPPROPRIATELY IN DENYING [APPELLANT'S] MOTION SUMMARILY, SHOULD THE MATTER BE "REMANDED TO [TRIAL] COURT FOR DETERMINATION OF WHETHER THE 'MOTION FOR MODIFICATION OF SENTENCE' PURSUANT TO 61 P.S. § 81, MAKES OUT A *PRIMA FACIE* CLAIM...?"

(Appellant's Reply Brief at 1).

■ ¶ 6 When examining a challenge to the trial court's denial of an Act 61 petition, the relevant standard and scope of review are as follows:

---

**2.** On October 27, 2004, Appellant filed a second PCRA petition, which is not the subject of this appeal.

**3.** The record reveals Appellant deposited his notice of appeal with prison authorities on October 22, 2004. Under the "prisoner mailbox rule," Appellant's appeal is deemed filed on that date. *See Commonwealth v. Jones,*

549 Pa. 58, 700 A.2d 423 (1997) (stating language of Rule 903 is amenable to exception for *pro se* prisoners, and extending prisoner mailbox rule to all appeals by *pro se* prisoners; holding "justice requires the appeal to be deemed "filed" on the date that the appellant deposits the appeal with prison authorities and/or places it in the prison mailbox").

The appellate court will review the trial court's decision for an error of law. As with all questions of law, the appellate standard of review is *de novo* and the appellate scope of review is plenary. *In re: Private Criminal Complaint of Wilson,* 879 A.2d 199, 214 (2005).

¶ 7 Appellant argues he met the requirements for an evidentiary hearing on his Act 61 petition. Appellant maintains Act 61 is not subject to time constraints or limitations. Furthermore, Appellant asserts he made out a *prima facie* case warranting an evidentiary hearing. Appellant contends to make a *prima facie* showing, he needs to show he is seriously ill and his "current facility lacks the resources to treat him or that his illness compromises the collective health of the institution holding him." (Appellant's Brief at 7). Appellant states physicians diagnosed him with Hepatitis–C, a highly contagious disease, in December 2001. Appellant claims DOC's limited treatment makes Appellant very ill, whereas better treatments exist but are simply not available in his prison. Appellant complains DOC has not followed standard treatment procedures, such as a liver biopsy. Appellant asserts DOC is not equipped to supply daily therapy necessary for proper treatment. Appellant concludes the trial court erred in denying his petition because Appellant has made out a *prima facie* case for relief under Act 61.

¶ 8 The Commonwealth agrees Act 61 is not subject to the time constraints associated with post-sentencing motions or the PCRA. The Commonwealth concurs Appellant is entitled to and should have the opportunity for the trial court to review his petition. The Commonwealth suggests we remand this matter to the trial court to determine whether Appellant has made out a *prima facie* case. The Commonwealth maintains if the trial court finds Appellant has a *prima facie* Act 61 case, the court should grant him an evidentiary hearing.

¶ 9 Appellant responds this Court should determine whether he has a *prima facie* case, and if so, we should remand the matter for an evidentiary hearing. Appellant insists he has established a *prima facie* case. Appellant concludes we should reverse and remand the matter to the trial court for an evidentiary hearing. We agree.

¶ 10 Act 61 governs Appellant's claim; it allows an individual, who is seriously ill and confined in one facility, to request transfer to another facility for the individual to receive proper treatment. 61 P.S. § 81. Act 61 grants the court the power to modify its sentence to allow such transfers. *Id.* Once the individual recovers, Act 61 requires the court to recommit the individual to the original facility. *Id.*

¶ 11 Petitions under Act 61 are not subject to the PCRA time constraints. *Commonwealth v. Deaner,* 779 A.2d 578, 580 (Pa.Super.2001).

> [A] petition...file[d] under 61 P.S. § 81...does not challenge the propriety of...conviction or sentence. Instead, the relief [sought] is a transfer, or sentence modification, to provide for...special medical needs. This claim is not contemplated under the PCRA, nor is such a remedy available under the PCRA. Therefore, we do not consider [the] petition as a PCRA petition.

*Id.* Moreover, the court addressing the petition should be the court, which imposed the sentence. *Warren v. Pennsylvania Dept. Of Corrections,* 151 Pa. Cmwlth. 46, 616 A.2d 140 (1992).

> [S]ection 1 [of Act 61] states ...**the court shall have power to modify its sentence.**

\* \* \*

[S]ection 1 [of Act 61] clearly indicates that an application for modification of a sentence to enable medical treatment of a seriously ill prisoner must be addressed to the court which imposed the contested sentence, i.e., the court of common pleas.

*Id.* at 51–52, 616 A.2d 140. (internal citations omitted).[4] Courts have interpreted Act 61 to apply in limited situations where the individual is seriously ill and unable to receive proper treatment in his current facility:

The mere fact that [the individual] suffers from a "serious illness" is not sufficient to allow relief under [Act 61]. Rather the requirement of the statute is a "serious illness" **and** a showing that it is "necessary" to leave the prison to receive medical care, either because the inmate's disease cannot be treated in prison or as a means of quarantine.

*Commonwealth v. Dunlavey,* 805 A.2d 562, 564 (Pa.Super.2002), *appeal denied,* 572 Pa. 698, 813 A.2d 837, (2002).

¶ 12 Importantly, Act 61 permits a change in the location of confinement but not the length of confinement.[5] *Commonwealth v. Reefer,* 816 A.2d 1136, 1143 (Pa.Super.2003), *appeal denied,* 574 Pa. 759, 831 A.2d 599, (2003). As this Court explained:

By [Act 61's] very terms and its historic context, . . . we find that the General Assembly intended that the language "modify its sentence" in [Act 61] refer to the modification of the place at which the sentence is being served.

Our examination of the title under which [Act 61] falls reinforces our conclusion that [Act 61] refers to the place at which the sentence is being served and not to the length of the sentence.

*Id.* Furthermore, Act 61 authorizes a transfer only from one institution to another. *Commonwealth v. Tuddles,* 782 A.2d 560, 563 (Pa.Super.2001).

¶ 13 To obtain Act 61 relief:

[A] petitioner must make a *prima facie* claim for modification of sentence or transfer. To make a *prima facie* claim, a petition[er] must allege that his current facility lacks the resources to treat him or that his illness compromises the collective health of the institution holding him.

*Commonwealth v. Lightcap,* 806 A.2d 449, 451–52 (Pa.Super.2002). The trial court must examine whether petitioner has pleaded a *prima facie* case for Act 61 relief before dismissing his petition. *Id.* If the court fails to do so, this Court will decide whether petitioner has established his claim. *Id.* If petitioner successfully made out a *prima facie* claim, we will remand to the trial court for an evidentiary hearing. *Id.*

¶ 14 In the instant case, Appellant filed an Act 61 petition, regardless of the precise relief he requested (reduction in sentence). Appellant refers to the statute by name and pleads the proper information, despite the improper relief actually requested. The relief Appellant sought in his petition might be interpreted as a reduction of sentence length. Appellant ob-

---

4. We recognize that Commonwealth Court decisions are not binding on this Court.

5. Appellant relies on *Commonwealth v. Lyles,* 77 Pa.Cmwlth. 15, 464 A.2d 712 (1983) for the proposition that Act 61 authorizes modifi-

cation of the length of sentence. Appellant's reliance is misplaced. *Lyles* is a Commonwealth Court case. Recent Superior Court case law makes clear the trial court cannot modify the length of a sentence under Act 61.

viously relied on *Lyles, supra* as authority for seeking a sentence reduction. Nevertheless, Appellant's reliance is misplaced. This Court has held Act 61 authorizes only modification of place and not length of sentence. *See Reefer, supra.* Although Appellant misapprehends the kind of relief available under Act 61, this misunderstanding of the law alone does not defeat his petition. Here, the trial court was the sentencing court. *See Warren, supra.* Appellant's Act 61 petition was not subject to the PCRA time limitations. *See Deaner, supra.* Thus, the trial court had jurisdiction to entertain the petition and resolve this matter. *See id.*

¶ 15 Moreover, Appellant stated in his Act 61 petition that he is seriously ill with Hepatitis–C, a contagious and life-threatening disease, the only treatment available to him in the institution where he is currently housed, causes him to become increasingly ill, and better treatments exist elsewhere. Appellant insisted he has not even had a liver biopsy, which he submits is basic medical procedure in his kind of disease process. We conclude Appellant's petition sets forth a *prima facie* claim for Act 61 relief. *See Dunlavey, supra.* Thus, Appellant is entitled to an evidentiary hearing. *See Lightcap, supra.*

¶ 16 Based on the foregoing, we hold the trial court erred in dismissing Appellant's Act 61 petition for lack of jurisdiction. Additionally, we hold Appellant made out a *prima facie* case for Act 61 relief; therefore, he is entitled to an evidentiary hearing. Accordingly, we remand this matter to the trial court for further proceedings.

¶ 17 Order reversed; case remanded for further proceedings. Jurisdiction is relinquished.