J-S66004-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WILLIAM JAMES GILLETTE, III, | |
| Appellant | No. 775 MDA 2014 |

Appeal from the Judgment of Sentence April 1, 2014
In the Court of Common Pleas of Lackawanna County
Criminal Division at No(s): CP-35-CR-0000724-2013

BEFORE:  BENDER, P.J.E., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY BENDER, P.J.E.:          **FILED OCTOBER 22, 2014**

Appellant, William James Gillette, III, appeals from the judgment of sentence of 11 to 24 months' incarceration, imposed after he pled guilty to simple assault – serious bodily injury.  On appeal, Appellant challenges the discretionary aspects of his sentence.  Additionally, his counsel, Donna M. DeVita, Esq., seeks permission to withdraw her representation of Appellant pursuant to **Anders v. California**, 386 U.S. 738 (1967), as elucidated by our Supreme Court in **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981), and amended in **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).  Upon review, we conclude that Appellant's sentencing claim is waived; accordingly, we affirm Appellant's judgment of sentence and grant counsel's petition to withdraw.

On January 10, 2014, Appellant pled guilty to the above-stated offense based on his act of punching his ex-girlfriend, breaking two of her ribs. On April 1, 2014, he was sentenced to a term of 11 to 24 months' incarceration. Appellant filed a timely post-sentence motion for reconsideration of his sentence, asking the court to lower his maximum term to 23½ months so Appellant could "remain in the Lackawanna County Work Release Program…." Motion for Reconsideration, 4/3/14, at 1 (unnumbered). The trial court denied that motion, and Appellant timely appealed. He also filed a timely concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

On August 4, 2014, Attorney DeVita filed with this Court a petition to withdraw and *Anders* brief. "When faced with a purported *Anders* brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." *Commonwealth v. Rojas*, 874 A.2d 638, 639 (Pa. Super. 2005) (quoting *Commonwealth v. Smith*, 700 A.2d 1301, 1303 (Pa. Super. 1997)). In *Santiago*, our Supreme Court altered the requirements for counsel to withdraw under *Anders*. Thus, pursuant to *Anders/Santiago*, in order to withdraw from an appeal, counsel now must:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and

> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Commonwealth v. Daniels***, 999 A.2d 590, 593 (Pa. Super. 2010) (citing ***Santiago***, 978 A.2d at 361). "Counsel also must provide a copy of the ***Anders*** brief to his client." ***Commonwealth v. Orellana***, 86 A.3d 877, 880 (Pa. Super. 2014).

> Attending the brief must be a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed pro se on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the ***Anders*** brief." ***Commonwealth v. Nischan***, 928 A.2d 349, 353 (Pa. Super. 2007), *appeal denied*, 594 Pa. 704, 936 A.2d 40 (2007).

***Orellana***, 86 A.3d at 880. Once we are satisfied that counsel has met these technical requirements, this Court must then conduct its own review of the record and independently determine whether the appeal is, in fact, wholly frivolous. ***See Daniels***, 999 A.2d at 594.

Instantly, Attorney DeVita's ***Anders*** brief provides a detailed summary of the procedural history and facts of Appellant's case with citations to the record. She also includes a discussion of the sentencing issue Appellant seeks to raise on appeal. Attorney DeVita sets forth her conclusion that an appeal on Appellant's behalf would be wholly frivolous and explains the reasons underlying that determination. She also supports her rationale with citations to the record, as well as relevant case law. Additionally, Attorney DeVita attached to her petition to withdraw a copy of a letter she sent to

Appellant advising him that he has the right to retain new counsel, proceed *pro se*, and/or raise any issues he deems worthy of this Court's examination. Therefore, we conclude that Attorney DeVita has complied with the requirements of ***Anders/Santiago***. Accordingly, we will now independently review Appellant's sentencing claim, and also determine whether there are any other issues he could arguably present on appeal. ***See Daniels***, 999 A.2d at 594.

In her ***Anders*** brief, Attorney DeVita explains the argument Appellant seeks to raise on appeal as follows:

> Appellant argues that the sentencing was excessive in light of all of the factors present. He asserts that the sentencing court should impose the minimum sentence consistent with the protection of the public, the gravity of the offense, and the rehabilitative needs of [] Appellant. He submits that the fact that he attended Anger Management and domestic violence courses along with his efforts to correct his behavior should have been considered by the lower court when it imposed its sentence. He asserts that the lower court did not conduct any true analysis of whether he posed a danger to the community at large. Therefore, the lower court's reasoning was not only insufficient, but it also resulted in a sentence that was not individualized, as required.

***Anders*** Brief at 11.

While Attorney DeVita discusses the merits of Appellant's arguments and concludes they are frivolous, we reach the same conclusion for a different reason. In ***Commonwealth v. Bromley***, 862 A.2d 598 (Pa. Super. 2004), we stated:

> It is well settled that an [a]ppellant's challenge to the discretionary aspects of his sentence is waived if the [a]ppellant

has not filed a post-sentence motion challenging the discretionary aspects with the sentencing court. **See** [] **Commonwealth v. Mann**, 820 A.2d 788 (Pa. Super. 2003) (issues challenging the discretionary aspects of sentence must be raised in [a] post-sentence motion or by raising claim during sentencing proceedings; absent such initiative, objection to the discretionary aspects of sentence waived on appeal).

> To reach the merits of a discretionary sentencing issue, we conduct a four-part analysis to determine: (1) whether [the] [a]ppellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at the sentencing or in a motion to reconsider and modify sentence; (3) whether [the] [a]ppellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the sentencing code.

**Id.** at 603 (quoting **Commonwealth v. Petaccio**, 764 A.2d 582, 586 (Pa. Super. 2000), *rev'd on other grounds by* **Commonwealth v. Mouzon**, 812 A.2d 617 (Pa. 2002)).[1]

In Appellant's post-sentence motion for reconsideration, he solely argued that his maximum sentence should be reduced to 23½ months' imprisonment to allow him to continue participating in the county work

---

[1] **See also Commonwealth v. Bullock**, 948 A.2d 818 (Pa. Super. 2008) (stating the right to appeal a discretionary aspect of sentence is not absolute and is waived if the appellant does not challenge it in post-sentence motions or by raising the claim during the sentencing proceedings); **Commonwealth v. Lloyd**, 878 A.2d 867 (Pa. Super. 2005), *appeal denied*, 887 A.2d 1240 (Pa. 2005) (finding the appellant waived his challenge to his sentence where he failed to raise the issue at the sentencing hearing or in his post-sentence motion); **Commonwealth v. Parker**, 847 A.2d 745 (Pa. Super. 2004) (holding the appellant's assertion that the trial court erred in sentencing him in the aggravated range was waived where he failed to raise this claim either at sentencing or in a post-sentence motion).

release program. He did not present any of the arguments he seeks to raise on appeal in that motion or orally at the time of his sentencing hearing; consequently, those claims are waived. For this reason, we agree with Attorney DeVita that Appellant's challenge to the discretionary aspects of his sentence is frivolous. Moreover, our review of the record reveals no other issue(s) of arguable merit that Appellant could present herein.[2] Thus, we affirm his judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/22/2014

_____

[2] In particular, we note that there is nothing in the record indicating it was an abuse of the court's discretion to deny the sole issue preserved in Appellant's post-sentence motion, *i.e.*, his request that the court reduce his sentence to permit him to continue in the work release program. **See Commonwealth v. Tuddles**, 782 A.2d 560, 563-64 (Pa. Super. 2001) (stating that 61 P.S. § 2141 (now 42 Pa.C.S. § 9813), which allows a court to effectuate programs such as work release, "does not create a statutory right to release[;]" instead, "[i]t does nothing more than recognize by statute the power to direct a temporary release when the court deems it proper; it does not suggest the court is at any time obligated to do so"). We also point out that Appellant did not file a *pro se* response to counsel's **Anders** brief, thereby indicating his intent to abandon this work-release claim.