IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Isaiah Ransome,                          :
                      Petitioner         :
                                         :
          v.                             :
                                         :
Judge Mark Moore, Common Pleas           :
Court of Philadelphia County,            :    No. 244 M.D. 2023
                      Respondents        :    Submitted: July 5, 2024

OPINION NOT REPORTED

MEMORANDUM OPINION
PER CURIAM                                    FILED: September 6, 2024

          Before the Court are the "Respondents' Preliminary Objections to the Petition for Review" (Preliminary Objections) filed by the Honorable Mark Moore and the Court of Common Pleas of Philadelphia County (collectively, Respondents) in response to the "Petition for Review in the Nature of an Action in Equity, Seeking Immediate Injunction, Declaratory Judgement [sic] and Issuance of Writ of Prohibition" (Petition for Review) filed by Isaiah Ransome (Petitioner), *pro se*, and Petitioner's answer thereto.[1]  Upon review, we sustain the Preliminary Objections and dismiss the Petition for Review.

## I.  Background and Procedural Posture

          Petitioner was convicted of murder and multiple counts of aggravated assault, robbery, conspiracy to commit robbery, and various firearms offenses in 2012 (Criminal Case).  *See* Court of Common Pleas of Philadelphia County Docket

---

[1] Petitioner styled his answer to the Preliminary Objections as "Petitioner's Rebuttal to the Respondent's [sic] Preliminary Objections to the Petition for Review."

No. CP-51-CR-0005859-2007, Preliminary Objections Exhibit A (Criminal Docket).[2]  In this Court, Petitioner now seeks relief in relation to a "Declaration of Trust" wherein Petitioner alleges that the Criminal Case is property owned by Petitioner and purports to somehow place the Criminal Case into a trust for Petitioner's benefit, and which Petitioner submitted as part of Post Conviction Relief Act (PCRA)[3] proceedings in the Criminal Case.  *See* Petition for Review at 1-4; *see also* "Notice Re: CP-51-CR0005859-2007," Exhibit A to the Petition for Review. Specifically, the Petition for Review seeks various forms relief:  (a) to have the charges in the Criminal Case discharged; (b) to have Petitioner released from custody; (c) to receive an accounting of his "trust property"; and (d) to have the Criminal Case sealed from the public.  *See* Petition for Review at 3-4.  Petitioner further seeks declarations that Respondents are violating Petitioner's rights and defrauding him in relation to the Criminal Case, and the issuance of a writ of prohibition against Respondents with reference to his "trust declaration/property" and transferring the Declaration of Trust to the Orphans' Court Division of the Court of Common Pleas of Philadelphia County.  *See* Petition for Review at 4.

In response to the Petition for Review, Respondents filed the instant Preliminary Objections.  In the Preliminary Objections, Respondents argue that the Petition for Review fails to state a claim upon which relief may be granted, that Petitioner cannot collaterally attack the Criminal Case in this Court, and that the

---

[2] For the purpose of determining the instant Preliminary Objections, we take judicial notice of the Criminal Docket.  *See Miller v. Unemployment Comp. Bd. of Rev.*, 131 A.3d 110, 115 (Pa. Cmwlth. 2015) (taking judicial notice of claimant's criminal docket) (citing *Lycoming Cnty. v. Pa. Lab. Rels. Bd.*, 943 A.2d 333, 335 n.8 (Pa. Cmwlth. 2007)).

[3] 42 Pa.C.S. §§ 9541-46.

Court lacks jurisdiction to enter a writ of prohibition. *See* Preliminary Objections at 2-3 (pagination supplied).

## II. Discussion

Initially, we note that

> [i]n ruling on preliminary objections, we must accept as true all well-pleaded material allegations in the petition for review, as well as all inferences reasonably deduced therefrom. The Court need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion. In order to sustain preliminary objections, it must appear with certainty that the law will not permit recovery, and any doubt should be resolved by a refusal to sustain them.

> A preliminary objection in the nature of a demurrer admits every well-pleaded fact in the complaint and all inferences reasonably deducible therefrom. It tests the legal sufficiency of the challenged pleadings and will be sustained only in cases where the pleader has clearly failed to state a claim for which relief can be granted. When ruling on a demurrer, a court must confine its analysis to the complaint.

*Torres v. Beard*, 997 A.2d 1242, 1245 (Pa. Cmwlth. 2010).

To the extent Petitioner seeks release from imprisonment, he requests habeas corpus relief. *See Warren v. Pa. Dep't of Corr.*, 616 A.2d 140 (Pa. Cmwlth. 1992). However, regarding this Court's jurisdiction, Section 761(a)(1)(i) of the Judicial Code provides:

> The Commonwealth Court shall have original jurisdiction of all civil actions or proceedings:

3

> (1) Against the Commonwealth government, including any officer thereof, acting in his official capacity, **except**:
>
>> (i) actions or proceedings in the nature of **applications for a writ of habeas corpus or post-conviction relief** not ancillary to proceedings within the appellate jurisdiction of the court[.]

42 Pa.C.S. § 761(a)(1)(i) (emphasis added). Thus, this Court lacks jurisdiction over such a claim and cannot grant the relief sought.

Further, as with his habeas corpus claim, with his request for injunctive relief and request for declaratory relief, to the extent the Petition for Relief seeks some alteration of or otherwise collaterally attacks his criminal conviction in relation to his "Declaration of Trust," this Court likewise lacks jurisdiction over such claims. *See* 42 Pa.C.S. § 761(a)(1)(i). Additionally, we observe that the PCRA provides "the sole means of obtaining collateral relief [from criminal convictions] and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including habeas corpus[.]" 42 Pa.C.S. § 9542; *see also Guarrasi v. Scott*, 25 A.3d 394, 402 (Pa. Cmwlth. 2011) (citing 42 Pa.C.S. § 9542 and noting that the PCRA is the sole means by which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain collateral relief). Therefore, any claim that constitutes a collateral attack on Petitioner's criminal convictions must be brought not before this Court, but as a PCRA claim before the court of common pleas in which Petitioner was convicted.[4]

---

[4] We observe that Petitioner's claims pertaining to his "Declaration of Trust," to the extent such claims are comprehensible, appear to be requests concerning the administration of the Criminal Case, and, therefore, are appropriate for a PCRA petition before the Court of Common

Thus, this Court likewise lacks jurisdiction over claims that constitute collateral attacks of criminal convictions, and without jurisdiction, the Court cannot grant relief. *See* 42 Pa.C.S. § 9542; *Guarrasi*. As such, the Petition for Relief again fails to state a claim upon which relief can be granted.

This Court likewise lacks jurisdiction to issue a writ of prohibition in this matter. Regarding jurisdiction over ancillary matters, Section 761(c) of the Judicial Code provides that "[t]he Commonwealth Court shall have original jurisdiction in cases of mandamus and prohibition to courts of inferior jurisdiction and other government units *where such relief is ancillary to matters within its appellate jurisdiction*[.]" 42 Pa.C.S. § 761(c) (emphasis provided). The instant matter is not an appeal from the Court of Common Pleas of Philadelphia County. Thus, to the extent Petitioner seeks a writ of prohibition in relation to his "Declaration of Trust," such request is not raised ancillary to this Court's appellate jurisdiction, and the Court lacks jurisdiction over such a request. *See Guarrasi*, 25 A.3d at 407 (noting that the Commonwealth Court's original jurisdiction does not extend to matters of mandamus or prohibition where an appeal from a lower court is not pending before the Court; instead, the Supreme Court of Pennsylvania has general supervisory and administrative authority over all lower courts in such matters); *see also* 42 Pa.C.S. § 721 ("The Supreme Court shall have original but not exclusive jurisdiction of all cases of . . . [m]andamus or prohibition to courts of inferior jurisdiction."). Further, to the extent Petitioner's writ of prohibition request pertains to the administration of a post-conviction claim regarding the Criminal

_____

Pleas of Philadelphia County rather than to this Court. We further observe that Petitioner has prosecuted multiple PCRA claims in the Court of Common Pleas of Philadelphia County and, in fact, currently has an outstanding PCRA claim in that court involving the "Declaration of Trust." *See* Criminal Docket; *see also* Petition for Review at 1-2.

5

Case, this Court also lacks jurisdiction to entertain such a claim for the reasons discussed *supra*. Accordingly, the Petition for Review fails to state a claim for a writ of prohibition upon which this Court can grant relief.

### III. Conclusion

For the above reasons, we sustain the Preliminary Objections and dismiss Petition for Review.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Isaiah Ransome, :
               Petitioner :
               :
          v. :
               :
Judge Mark Moore, Common Pleas :
Court of Philadelphia County, : No. 244 M.D. 2023
            Respondents :

**PER CURIAM**                      **O R D E R**

      AND NOW, this 6th day of September, 2024, the "Respondents' Preliminary Objections to the Petition for Review" are SUSTAINED and the "Petition for Review in the Nature of an Action in Equity, Seeking Immediate Injunction, Declaratory Judgement [sic] and Issuance of Writ of Prohibition" filed by Isaiah Ransome is DISMISSED.