J-S46014-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
                                :         PENNSYLVANIA
                                :
            v.                  :
                                :
                                :
JAMES REGIS JONES               :
                                :
            Appellant           :    No. 334 WDA 2024

Appeal from the PCRA Order Entered February 26, 2024
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0000938-2020

BEFORE:  LAZARUS, P.J., BOWES, J., and KING, J.

MEMORANDUM BY LAZARUS, P.J.:                **FILED: MARCH 25, 2025**

James Regis Jones appeals from the order, entered in the Court of Common Pleas of Allegheny County, dismissing his petition for relief filed pursuant to the Post-Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

On May 4, 2022, Jones entered into a negotiated plea agreement, pleading guilty to indecent assault—person less than 13 years of age, in exchange for the Commonwealth's agreement to withdraw other charges.[1] The parties also agreed to a sentence of 2 to 4 years' incarceration, to be served concurrently with any sentence he was currently serving, followed by

_____

[1] The Commonwealth agreed to withdraw one count each of: aggravated indecent assault—complainant less than 13 years old; endangering welfare of children; intimidation, retaliation, or obstruction in child abuse cases; unlawful contact with minor; and corruption of minors.

a three-year probationary term. Jones did not file a post-sentence motion or a direct appeal.

On June 29, 2022, Jones filed a *pro se* Petition for Modification of Sentence or Removal from Prison for Purpose of Treatment Due to Illness. The court treated this petition as a PCRA petition and appointed counsel. On December 27, 2023, counsel filed an amended PCRA petition. The Commonwealth filed a response on January 22, 2024 and, on February 26, 2024, the court dismissed Jones' petition, concluding the relief requested was not cognizable under the PCRA. *See* Order, 2/26/24. On March 21, 2024, Jones filed an amended PCRA petition and notice of appeal. Both Jones and the PCRA court have complied with Pa.R.A.P. 1925.

Jones raises the following issue for our review: Whether the PCRA court erred in denying Jones's request for a modification of sentence to a term of probation and/or transfer to a facility that can address his specific medical needs due to his complicated medical conditions. *See* Appellant's Brief, at 4.

Jones argues that the court erred in dismissing his petition without a hearing. He argues that due to his "serious medical conditions" and need for medical treatment, he has a raised a meritorious claim for relief. *Id.* at 13. In his petition, Jones averred that he was in a wheelchair and had three tumors on his spine that required surgery. *See* Amended PCRA Petition, 12/27/23, at 4. He acknowledged that the PCRA court judge stated that she had had the same spinal surgery and "recommended that Jones follow doctors' orders, as the only rehabilitation for the condition was walking—which the [c]ourt

pointed out could be accomplished anywhere." *Id.* at 5, citing N.T. Guilty Plea Hearing, 5/4/22, at 12. Jones also alleged in his petition that he has chronic obstructive pulmonary disease, uses a CPAP machine, has glaucoma, and "needs eye surgery." *Id.* at 8. Jones sought modification of his sentence to a term of probation due to his "complicated medical conditions" and/or a transfer to a facility that can address his specific medical needs. *Id.* at 10.

The PCRA is intended to "provide the sole means for obtaining collateral review and relief, encompassing all other common law rights and remedies, including habeas corpus." *Commonwealth v. Lantzy*, 736 A.2d 564, 569 (Pa. 1999). "It is well[-]settled that any collateral petition raising issues with respect to remedies offered under the PCRA will be considered a PCRA petition." *Commonwealth v. Deaner*, 779 A.2d 578, 580 (Pa. Super. 2001) (internal citations omitted). The question here, then, is whether Jones has an available remedy under the PCRA.

In *Deaner*, this Court addressed a similar claim. There, petitioner filed a PCRA petition seeking modification of his sentence, or transfer to an appropriate facility, to provide for his special medical needs. We determined that the claim was not cognizable under the PCRA, *id.* at 580, but, rather, was governed by 61 P.S. § 81 (Transfer or Retransfer of Inmates).[2] We concluded,

---

[2] The statute provided as follows:

> Whenever any convict or person is confined in any jail, workhouse, reformatory, or reform or industrial school,

*(Footnote Continued Next Page)*

however, that petitioner did not make out a *prima facie* case under the statute, having failed to allege that his current facility lacked the resources to treat him or that his illness compromised the collective health of those housed in the institution holding him. ***Deaner***, 779 A.2d at 582. We, therefore, affirmed the court's order denying petitioner's request to modify his sentence due to illness. ***Id. See also Commonwealth v. Dunlavey***, 805 A.2d 562 (Pa. Super. 2002) (statute governing petitions to modify sentence for purpose of receiving necessary medical treatment applies only to prisoners who become seriously ill while in prison and, for benefit of ill prisoner as well as rest of prison population, should be transferred temporarily to more suitable institution where medical care can be administered properly).

Here, Jones's claim is not cognizable under the PCRA. His petition does not challenge the propriety of his conviction or sentence, nor does he request

_____

> penitentiary, prison, house of correction or any other penal institution, under conviction or sentence of a court, or is so confined while awaiting trial or confined for any other reason or purpose and it is shown to a court of record by due proof that such convict or person is seriously ill, and that it is necessary that he or she be removed from such penal institution, the court shall have power to modify its sentence, impose a suitable sentence, or modify the order of confinement for trial, as the case may be, and provide for the confinement or care of such convict or person in some other suitable institution where proper treatment may be administered. Upon the recovery of such person, the court shall recommit him or her to the institution from which he or she was removed.

61 P.S. § 81.

- 4 -

relief available under the PCRA. *See* 42 Pa.C.S.A. §§ 9541–9546. Further, although Jones sought relief under 61 P.S. § 81 in his petition, *see* Amended PCRA Petition, 12/27/23, at 9, that statute was repealed in 2009.[3]  Thus, Jones is unable to obtain relief under that statute.  Accordingly, we affirm the PCRA court's order dismissing Jones's petition, without prejudice to his right to seek relief pursuant to 42 Pa.C.S.A. § 9777.[4]

_____

[3] Repealed by 2009, Aug. 11, P.L. 147, No. 33, § 11(b), effective in 60 days [Oct. 13, 2009].

[4] Section 9777 of the Judicial Code allows an inmate to petition for placement in a hospital, long-term care nursing facility, or hospice care location upon a showing, by clear and convincing evidence, of the following:

> (i) The medical needs of the inmate can be more appropriately addressed in the hospital or long-term care nursing facility.
>
> (ii) The hospital or long-term care nursing facility requested by the petitioner has agreed to accept the placement of the inmate and to provide necessary medical care.
>
> (iii) The inmate is seriously ill and is expected by a treating physician to not live for more than one year.
>
> (iv) There are no writs filed or detainers lodged against the inmate and the inmate is not subject to any court order requiring the inmate's presence.
>
> (v) The placement in the hospital or long-term care nursing facility does not pose an undue risk of escape or danger to the community.  In making this determination, the sentencing court shall consider the inmate's institutional conduct record, whether the inmate was ever convicted of a crime of violence, the length of time that the inmate has been imprisoned[,] and any other factors the sentencing court deems relevant.
>
> (vi) The hospital or long-term care nursing facility has agreed to notify the department and the court of any material changes in

*(Footnote Continued Next Page)*

Order affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 3/25/2025

---

the health status of the inmate, the nature of the care provided[,] or other information required by the department.

(vii) Each agency representing the Commonwealth at a proceeding which resulted in an order committing or detaining the inmate, the State or local correctional facility housing the inmate[,] and any registered crime victim have been given notice and an opportunity to be heard on the petition.

42 Pa.C.S.A. § 9777(a)(1). **See Commonwealth v. Lightcap**, 806 A.2d 449 (Pa. Super. 2002) (statute governing motion for modification of sentence due to serious illness did not require inmate's illness occurred post-sentence, but only that illness be sufficiently serious); **Commonwealth v. Kositi**, 880 A.2d 648 (Pa. Super. 2005) (petitioner set forth *prima facie* claim for sentence modification to provide for special medical needs, and, thus, was entitled to evidentiary hearing on petition; petitioner alleged he was seriously ill with Hepatitis-C, a contagious and life-threatening disease, only treatment available in current institution caused him to become increasingly ill, better treatments existed elsewhere, and petitioner had not even been provided with liver biopsy, alleged to be basic medical procedure in his kind of disease process); **see also id.** (petitions seeking sentence modification to provide for petitioner's special medical needs are not subject to post-conviction relief time constraints).