J-A24029-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| DONTE PACE-ROBINSON | |
| Appellant | No. 2289 EDA 2021 |

Appeal from the Order Entered October 12, 2021
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0005005-2019,
CP-23-CR-0005126-2015

BEFORE:  PANELLA, P.J., BENDER, P.J.E., and SULLIVAN, J.

MEMORANDUM BY PANELLA, P.J.:                **FILED DECEMBER 9, 2022**

Donte Pace-Robinson appeals from the order dismissing his court filing seeking to be released from prison due to health concerns during the Covid-19 pandemic. After careful review, we affirm.

We note from the outset that Pace-Robinson is not challenging his convictions, or the sentence imposed. With that in mind, an extended discussion of the factual background of his convictions is unnecessary. Of relevance to this appeal is the fact that Pace-Robinson is serving a sentence of 70 to 140 months of incarceration after he pled guilty to charges involving the possession of narcotics and a firearm.

Pace-Robinson did not file a direct appeal from his judgment of sentence but filed a timely Post Conviction Relief Act ("PCRA") petition, alleging

ineffective assistance of trial counsel. After appointed counsel filed a **Finley**[1]

letter, the PCRA court granted counsel leave to withdraw and dismissed Pace-

Robinson's PCRA petition in April 2021. Pace-Robinson did not appeal from the

order dismissing his PCRA petition.

On October 6, 2021, Pace-Robinson filed, *pro se*, a two-page document

entitled "State Habeas Corpus and/or alternatively P.C.R.A. / 42 Pa.C.S. §

9777" ("motion for immediate release"). Six days later, the common pleas

court denied the motion for immediate release. On October 22, 2021, Pace-

Robinson filed, still *pro se*, a "motion to appeal" which listed two trial court

docket numbers.

Initially, we must address several deficiencies in Pace-Robinson's notice

of appeal. As both the Commonwealth and common pleas court observe, the

notice of appeal does not identify the order Pace-Robinson wished to challenge

on appeal. This Court directed Pace-Robinson to address this deficiency, and

his response was sufficient to clarify that the order in question was the October

12, 2021 order denying his motion for immediate release.

Pace-Robinson's notice of appeal is undoubtedly deficient pursuant to

the Rules of Appellate Procedure. And Pace-Robinson has failed to file an

amended notice of appeal, as permitted, if not required, by those Rules.

However, our review of the common pleas court's docket does not reveal any

---

[1] **See Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

other matter pending in the two docket numbers listed in the notice of appeal. Under these circumstances, we decline to quash the appeal for failing to explicitly identify the order at issue.

Pace-Robinson's notice of appeal is also facially deficient in that it is a single notice of appeal arising from two separate trial court dockets in contravention of **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018). This Court has declined to quash appeals pursuant to **Walker**, however, where a PCRA court has failed to properly inform a petitioner of his appellate rights. **See Commonwealth v. Stansbury**, 219 A.3d 157, 160 (Pa. Super. 2019). Here, the common pleas court's order did not adequately advise Pace-Robinson of his appellate rights, and we therefore decline to quash pursuant to **Walker**.

Turning to the merits of Pace-Robinson's claims, we note that his *pro se* motion for immediate release is not a model of clarity. To the best of our ability to decipher, however, it consists of five separate claims, all of which are predicated upon the dangers the Covid-19 virus poses to Robinson in his allegedly overcrowded prison.

First, he asserts that his claims fall under the jurisdiction of the PCRA. To the contrary, as the common pleas court correctly noted in its order, Pace-Robinson's claims do not fall within the ambit of the PCRA. **See** 42 Pa.C.S.A. § 9543 (a)(2) (setting forth that a petitioner must be challenging an aspect of his conviction or sentence to gain relief under the PCRA). Neither his

convictions nor his sentence is in any way related to the Covid-19 virus, and he does not request that his convictions be overturned or his sentence be vacated. As such, we agree with the common pleas court that he is not due any relief under the PCRA.

Next, Pace-Robinson asserts that he is due relief pursuant to Pa.R.Crim.P. 720(C) and 42 Pa.C.S.A. § 6102. Rule of Criminal Procedure 720(C) provides for the filing of a post-sentence motion seeking a new trial when evidence is discovered after the trial. It does not provide for release of a prisoner serving a duly imposed sentence. Similarly, 42 Pa.C.S.A. § 6102 does not provide any authority for the release of a prisoner serving a duly imposed sentence: "The seal of every court, magisterial district judge and other government unit, adopted pursuant to law, shall be judicially noticed." Accordingly, Pace-Robinson is due no relief on this claim.

In his third claim, Pace-Robinson cites to 42 Pa.C.S.A. § 9777, "Transfer of inmates in need of medical treatment." At least superficially, this statute could provide some relief for Pace-Robinson's claims. However, the statute does not provide for release of inmates, but rather transfer of inmates from one institution to another. **See** 42 Pa.C.S.A. § 9777 (a); **see also Commonwealth v. Tuddles**, 782 A.2d 560, 563 (Pa. Super. 2001) (addressing a prior statute that was rescinded concurrently with the enactment of § 9777). As Pace-Robinson has not identified any institution

- 4 -

where transfer would address his complaints, he is not due any relief under § 9777.

Next, Pace-Robinson alleges that the dangers posed by the Covid-19 virus in his prison constitute a violation of the Eighth Amendment to the Constitution of the United States. The Supreme Court of the United States has held that "deliberate indifference to serious medical needs of prisoners" constitutes a violation the Eighth Amendment. ***Estelle v. Gamble***, 429 U.S. 97, 104 (1976). Here, while Pace-Robinson's averments arguably set forth facts, if believed by a factfinder, sufficient to establish prison officials are not meeting his serious medical needs, he fails entirely to even allege that such officials are deliberately indifferent to his needs. As such, Pace-Robinson is due no relief pursuant to the Eighth Amendment.

Finally, Pace-Robinson alleges that the Commonwealth has breached the plea agreement underlying his convictions. The motion for immediate release does not identify how the Commonwealth breached the agreement, other than a boilerplate assertion that the Commonwealth failed to honor an unspecified promise. Based on this lack of specificity, we conclude the common pleas court did not err in denying relief on this claim. There is simply no basis on the record before us to conclude that the Commonwealth broke a promise it made to induce Pace-Robinson to plead guilty. Accordingly, Pace-Robinson is due no relief on this claim.

Since we conclude that Pace-Robinson's motion for immediate release did not state any claim upon which his requested relief could be granted, we affirm the common pleas court's order dismissing his motion.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/9/2022