**Commonwealth v. Lanehart**

*James M. Schall, district attorney,* for the Commonwealth.

*Dwight C. Harvey,* for defendant.

KAYE, *J.,* July 26, 1992—Defendant Larry R. Lanehart has appealed to Superior Court from an order which denied him relief under the provisions of 61 P.S. §81. The appeal was dated July 2, 1992, and we directed that defendant provide us with a statement of "matters complained of on appeal" pursuant to Pa.R.A.P. 1925(b). That statement has now been received, and we write in support of our belief that the order as entered was appropriate.

By way of brief background, defendant was arrested on October 12, 1989, following a search by police officers of his residence which disclosed the presence of individually wrapped packets of cocaine, marijuana, a loaded .30-.30 rifle, scales and a spiral notebook which contained entries consistent with illicit drug transactions. Defendant was charged with possession with intent to deliver a controlled substance (cocaine) and possession of a controlled substance (cocaine). Following a trial by jury on April 24-25, 1990, he was found guilty on both counts. We denied post-verdict motions, and sentences were imposed on February 12, 1991. Defendant appealed therefrom on March 12, 1991, to Superior Court, which affirmed in a memorandum opinion filed December 10, 1991. A "petition for allowance of appeal" was denied by the Supreme Court on May 27, 1992.

In the interim, we received correspondence from Mr. Lanehart, who had been assigned to the State Correctional Institution at Camp Hill, regarding a lack of showers, physical therapy, educational programs and an unspecified failure to provide medical treatment.

We were aware from our prior contact with defendant that he is a paraplegic. He had this condition at the time of his involvement with the crimes which underlie this case and, of course, at all times subsequent thereto. Because of our awareness of his condition, we corresponded with Superintendent Beard of SCI-Camp Hill, and received a reply from Dr. Beard dated August 12, 1991, and another response dated February 7, 1992, from John A. Palakovich, corrections superintendent assistant at Camp Hill. Copies thereof are attached.

On April 24, 1992, we entered an order denying relief to defendant. Defendant appealed therefrom on May 6, 1992, and on May 8, 1992, we filed an order to compel defendant to file a statement of reasons for the appeal pursuant to Pa.R.A.P. 1925(b). Defendant discontinued the appeal on May 29, 1992.

Thereafter, defendant filed another petition for relief under 61 P.S. §81, which we denied by order dated June 26, 1992. The instant appeal followed.

Title 61 P.S. §81 provides as follows:

"Whenever any convict or person is confined in any jail, workhouse, reformatory, or reform or industrial school, penitentiary, prison, house of correction or any other penal institution, under conviction or sentence of a court, or is so confined while awaiting trial or confined for any other reason or purpose and it is shown to a court of record by due proof that such convict or person is seriously ill, and that it is necessary that he or she be removed from such penal institution, the court shall have power to modify its sentence, impose a suitable sentence, or modify the order of confinement for trial, as the case may be, and provide for the confinement

or care of such convict or person in some other suitable institution where proper treatment may be administered. Upon the recovery of such person, the court shall recommit him or her to the institution from which he or she was removed."

We denied the relief sought by defendant without a hearing, although not without a significant amount of information regarding defendant's medical condition. We recognize that from the beginning of this proceeding, he has suffered from paraplegia. As noted above, this information was supplemented with other information we solicited from his attorney, in our attempt to ascertain preliminarily if a hearing was warranted.

The nature of the response was a generalized complaint about the medical treatment afforded to defendant at Camp Hill, which he claims led to infection, or to aggravation of infection, in his legs.

As noted in *Commonwealth v. Landi*, 280 Pa. Super. 134, 421 A.2d 442 (1980):

"This statute clearly applies only to those prisoners who become seriously ill while in prison and, for the benefit of the ill prisoner as well as the rest of the prison population, should be transferred temporarily to a more suitable institution where he or she can be administered properly." 280 Pa. Super. at 139, 421 A.2d at 444.

In the instant case, defendant was "ill" *prior* to going to prison or, more accurately, suffered from paraplegia and its attendant complications. Defendant has not alleged that he cannot be treated medically at Camp Hill, but rather that his medical care has been neglected, i.e. that bandages have not been changed frequently enough,

he has not been administered proper antibiotics, and that the physicians who treat him are incompetent.

The statute under which defendant has sought relief is not intended to address alleged general shortcomings in the provision of medical care in the state prison system, which is the thrust of defendant's complaint. Rather, it is intended to provide for the removal of the individual seriously ill inmate for his good and the good of the institution.

We recognize that the Due Process Clause requires the government to provide appropriate medical care, *City of Revere v. Massachusetts General Hospital,* 463 U.S. 239, 244, 103 S.Ct. 2979, 2983, 77 L.Ed.2d 605 (1983), and that [a]cts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs constitute cruel and unusual punishment under the Constitution. *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976). However, these principles which, if violated, presumably would give rise to an action in mandamus, are not raised in the instant proceeding, under 61 P.S. §81.

Defendant has attempted to raise questions about the *quality of medical care* provided to him in the environment of the state corrections system, rather than the issue that the statute addresses, i.e. that it is *necessary* that he be removed from the current institutional setting to provide for his medical needs. We denied a hearing in this matter because the petition which sought one did not set forth a ground for relief under the statute. Although defendant appears to believe that it is a per se denial of due process to deny him a hearing, he has omitted to consider if his petition has stated at least a prima facie

basis for relief under the statute. Out of an excess of caution, we sought additional materials from his counsel so that we could at least get a brief preview of the matters defendant would expect to prove at hearing, even though the petition itself did not appear to set forth grounds for the relief sought.

As noted above, and in the attached correspondence, what we received was complaints about the frequency of the changing of bandages, and other negative comments regarding the general level of medical care provided to defendant at SCI-Camp Hill, [e.g. a reference to "meatball surgery" provided to inmates at 2 of counsel's letter of April 22, 1992]. If such deficiencies exist, there are legal avenues to address them. However, defendant's release from custody under 61 P.S. §81 is not a remedy for this type of complaint.

We respectfully suggest that no error was made in denying defendant's petition, and that Superior Court should affirm that decision.