**COMMONWEALTH OF PENNSYLVANIA,**
Appellee,

v.

**Brian LIGHTCAP, Appellant.**

Superior Court of Pennsylvania.

Submitted July 1, 2002.
Filed Aug. 29, 2002.

---

Brian Lightcap, appellant, pro se.

Diane E. Gibbons, Assistant District Attorney, Doylestown, for Commonwealth, appellee.

Before DEL SOLE, P.J., and HUDOCK and POPOVICH, JJ.

POPOVICH, J.

¶ 1 Appellant Brian Lightcap appeals from the December 17, 2001, order entered in the Court of Common Pleas, Bucks County, which denied by operation of law his petition for modification of sentence pursuant to 61 P.S. § 81. Upon review, we reverse and remand for a hearing regarding Appellant's petition to modify his sentence or transfer.

¶ 2 On August 24, 1998, Appellant pleaded guilty to robbery. A firearm was used during the commission of the robbery. Pursuant to the mandatory provisions of the sentencing code, on November 20, 1998, Appellant was sentenced to a term of five to ten years imprisonment. *See* 42 Pa.C.S.A. § 9712. He did not take a direct appeal.

¶ 3 On September 7, 1999, Appellant filed a petition for collateral relief pursuant to the 42 Pa.C.S.A. §§ 9541–9546 (PCRA). Appellant's PCRA counsel filed

a "no-merit" letter and requested to withdraw from representation. On December 22, 1999, the PCRA court denied Appellant's petition. Appellant did not appeal this decision.

¶4 On February 27, 2001, Appellant filed a *pro se* petition to modify his sentence pursuant to 61 P.S. § 81. On December 17, 2001, the clerk of courts, on behalf of the court, entered an order denying his petition by operation of law pursuant to Pa.R.Crim.P. 720(B)(3) (if the judge fails to decide the motion within 120 days, or to grant an extension, the motion shall be deemed denied by operation of law). This timely appeal followed.

¶5 On appeal, Appellant argues that the lower court erred in denying his petition for modification of sentence.

■ ¶6 Here, Appellant's petition to modify his sentence was filed under 61 P.S. § 81 and did not challenge the propriety of his conviction or sentence.[1] Instead, Appellant sought a modification of his sentence or removal from prison and transfer to a medical facility pursuant to 61 P.S. § 81.

¶7 Appellant's claim is governed by 61 P.S. § 81, which provides:

Whenever any convict or person is confined in any jail, workhouse, reformatory, or reform or industrial school, penitentiary, prison, house of correction or any other penal institution, under conviction or sentence of a court, or is so confined while awaiting trial or confined

for any other reason or purpose and it is shown to a court of record by due proof that such convict or person is seriously ill, and that it is necessary that he or she be removed from such penal institution, the court shall have power to modify its sentence, impose a suitable sentence, or modify the order of confinement for trial, as the case may be, and provide for the confinement or care of such convict or person in some other suitable institution where proper treatment may be administered. Upon the recovery of such person, the court shall recommit him or her to the institution from which he or she was removed.

61 P.S. § 81.

This statute clearly applies only to those prisoners who become seriously ill while in prison and, for the benefit of the ill prisoner as well as the rest of the prison population, should be transferred temporarily to a more suitable institution where he or she can be administered properly.

*Commonwealth v. Deaner*, 779 A.2d 578, 581 (Pa.Super.2001) (quoting *Commonwealth v. Landi*, 280 Pa.Super. 134, 421 A.2d 442, 445 (Pa.Super.1980)).

■ ¶8 In order to obtain relief under 61 P.S. § 81, a petitioner must make a *prima facie* claim for modification of sentence or transfer. To make a *prima facie* claim, a petition must allege that his current facility lacks the resources to treat him or that his illness compromises the

---

1. We note, if a petition under 61 P.S. § 81 is considered a post-sentence motion, then any inmate who filed a petition more than ten days after sentencing would be foreclosed from seeking redress under that Section. *See* Pa.R.Crim.P. 720(A)(1). This result could not have been intended by the legislature when it enacted 61 P.S. § 81. Consequently, his claim is not subject to the time constraints of Pa.R.Crim.P. 720(A)(1). *Cf. Commonwealth v.*

*Deaner*, 779 A.2d 578, 581 (Pa.Super.2001) (noting that legislature did not intend 61 P.S. § 81 to be subject to the time requirements of PCRA). Accordingly, the trial court's conclusion that Appellant's petition to modify was untimely pursuant to Pa.R.Crim.P. 720(A)(1) (a motion to modify or reconsider sentence must be filed within ten days of sentencing) was misplaced.

collective health of the institution holding him. *See Deaner,* 779 A.2d at 582.

¶ 9 In *Deaner,* we held that a prisoner's allegation that he was afforded incompetent and inattentive care in prison did not establish a *prima facie* claim for modification of sentence or transfer absent any allegation that his current facility lacked the resources to treat him or that his illness compromised the collective health of the institution holding him. *See Deaner,* 779 A.2d at 582. We stated:

> In a similar case, the Fulton County Court of Common Pleas addressed the issue Appellant raises. *See Commonwealth v. Lanehart,* 15 Pa. D. & C. 4th 599 (Pa.Com.Pl.1992), *affirmed,* 427 Pa.Super. 643, 625 A.2d 91 (Pa.Super.1992), *appeal denied,* 537 Pa. 622, 641 A.2d 587 (1994). In *Lanehart,* the petitioner, an inmate at SCI–Camp Hill, suffered from paraplegia. In his petition for relief under Section 81, Lanehart alleged that the substandard medical care he received at Camp Hill led to infections in his legs. Without a hearing, the court denied Lanehart relief on his claims, stating:

>> Defendant was "ill" prior to going to prison or, more accurately, suffered from paraplegia and its attendant complications. Defendant has not alleged that he cannot be treated medically at Camp Hill, but rather that his medical care has been neglected, *i.e.* that bandages have not been changed frequently enough, he has not been administered proper antibiotics, and that the physicians who treat him are incompetent.

>> The statute under which defendant has sought relief is not intended to address alleged general shortcomings in the provision of medical care in the state prison system, which is the thrust of defendant's complaint.

>> Rather, it is intended to provide for the removal of the individual seriously ill inmate for his good and the good of the institution.

>> * * *

>> Defendant has attempted to raise questions about the quality of medical care provided to him in the environment of the state corrections system, rather than the issue that the statute addresses, *i.e.* that it is necessary that he be removed from the current institutional setting to provide for his medical needs.

> *Id.* at 601. Explaining why it denied Lanehart a hearing, the court said:

>> We denied a hearing in this matter because the petition which sought one did not set forth a ground for relief under the statute. Although defendant appears to believe that it is a *per se* denial of due process to deny him a hearing, he has omitted to consider if his petition has stated at least a *prima facie* basis for relief under the statute. Out of an excess of caution, we sought additional materials from his counsel so that we could at least get a brief preview of the matters defendant would expect to prove at hearing, even though the petition itself did not appear to set forth grounds for the relief sought.

>> As noted above, and in the attached correspondence, what we received was complaints about the frequency of the changing of bandages, and other negative comments regarding the general level of medical care provided to defendant at SCI–Camp Hill, [e.g. a reference to "meatball surgery" provided to inmates at 2 of counsel's letter of April 22, 1992]. If such deficiencies exist, there are legal avenues to address them. However, defendant's release from custody under 61 P.S. § 81

is not a remedy for this type of complaint.

*Id.* While we recognize that *Lanehart* is not binding on this Court, we conclude that the reasoning in that case is sound. As the facts in the instant case mirror those in *Lanehart,* we adopt the reasoning of the trial court in *Lanehart* and apply it to the case at bar.

*Deaner,* 779 A.2d at 581–82. This Court then found that in the numerous allegations of inadequate medical care that Deaner raised, he failed to allege that his current facility lacked the resources to treat him and that his illness compromised the collective health of the institution holding him. Therefore, we found that Deaner had not made a *prima facie* claim under Section 81 for modification of his sentence or a transfer. We will apply the same reasoning to the present case.

¶ 10 In his petition to modify sentence, Appellant alleged that he was diagnosed with decompensated cirrhosis in 1997 and was currently being treated by the prison physician at SCI–Rockview.[2] He further alleged that his liver disease has progressed to such a point where it has become a life-threatening situation and the only available treatment is a liver transplant. Since a liver transplant was not available to an incarcerated person, he requested the court to modify his sentence or transfer in order to permit him to seek such treatment.

¶ 11 A person has a right to proper medical care while incarcerated. Section 81, 61 P.S., only provides for transfer or sentence modification where the institution lacks the resources to properly care for an inmate, or where the inmate's removal is in the best interest of the institution as a whole. Appellant's allegations have established a *prima facie* claim under 61 P.S. § 81. However, the court did not conduct a hearing before Appellant's petition was dismissed by operation of law pursuant to Pa.R.Crim.P. 720(A)(1). Therefore, we do not have a record of Appellant's medical needs and the state correctional facilities' ability to meet those needs to review. Accordingly, we must remand for a hearing before the trial court to determine whether the state correctional system is capable of meeting the medical needs of Appellant. *Contrast Deaner,* 779 A.2d at 582 (hearing not necessary when petitioner failed to establish *prima facie* claim under 61 P.S. § 81).

¶ 12 Based upon the foregoing, we hold that Appellant was entitled to a hearing because he made a *prima facie* claim for relief under 61 P.S. § 81. Accordingly, we reverse the order denying Appellant's petition to modify his sentence or transfer due to illness. We remand for the trial court to conduct a hearing to determine if modification of sentence or transfer pursuant to 61 P.S. § 81 is necessary due to Appellant's health.

¶ 13 Order reversed. Case remanded for proceedings consistent with this opinion. Jurisdiction relinquished.

---

2. The Commonwealth argues that since Appellant was ill prior to being sentenced and that the sentencing court was aware of the illness, the sentencing judge took Appellant's illness into consideration when sentencing him, and, therefore, Appellant is not entitled to relief under 61 P.S. § 81. We are not persuaded by this argument. 61 P.S. § 81 does not require that the illness be "new," but only requires that it be serious. A requirement of being new would prohibit any prisoner with a pre-existing condition from relief under 61 P.S. § 81 when said condition cannot be treated at the institution or where the inmate's removal is in the best interest of the institution. This result could not have been intended by the legislature.