J-S43041-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ALLAN RICHARDSON | : | |
| | : | |
| Appellant | : | No. 2404 EDA 2024 |

Appeal from the Judgment of Sentence Entered August 8, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0007335-2022

BEFORE: KUNSELMAN, J., McLAUGHLIN, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.: **FILED FEBRUARY 24, 2026**

Appellant, Allan Richardson, appeals from the judgment of sentence of five to ten years' incarceration, followed by three years of probation, imposed after he pled *nolo contendere* to one count of rape, forcible compulsion, 18 Pa.C.S. § 3121(a)(1). On appeal, Appellant challenges the discretionary aspects and legality of his sentence. We affirm.

The trial court summarized the relevant facts and procedural history of this matter as follows:

> Complainant A.W. reported that Appellant raped her multiple times between April 2020 and May 2022, when she was 13 to 15 years old. N.T. 8/8/2024 16:15-16, 20:12-13. Appellant was in a relationship with A.W.'s mother at the time. N.T. 8/8/2024 6:13-15. Schools were closed and A.W. was attending virtual classes due to the COVID-19 pandemic[.] N.T. 8/8/2024 16:21-24. Appellant would come into A.W.'s room after her mother left for work and rape her. A.W. resisted and said no on several occasions. N.T. 8/8/2024 20:14-20… .

Appellant was arrested and charged with rape by forcible compulsion and related offenses. On March 13, 2024, Appellant entered into a *nolo contendere* plea before this court to one count of rape by forcible compulsion. On August 8, 2024, this court sentenced Appellant to 5 to 10 years of confinement[1] followed by 3 years of probation.[2] Appellant was advised of his SORNA reporting requirements at the time of sentencing.

Appellant filed a post-sentence motion [challenging the discretionary aspects of his sentence] and request [to file the post-sentence motion *nunc pro tunc*] on August 29, 2024. On September 9, 2024, Appellant filed a notice of appeal to the Superior Court of Pennsylvania.[3] On September 16, 2024, this court issued an order pursuant to Pa.R.A.P. 1925(b), requiring Appellant to file a concise statement of matters complained of on appeal within 21 days. On October 10, 2024, this court granted Appellant an extension of time to file a concise statement due to outstanding notes of testimony. On November 1, 2024, the Superior Court remanded the case for this court to rule on Appellant's post-sentence motion. This court granted Appellant's request for *nunc pro tunc* status and denied his [*nunc pro tunc*

_____

[1] The trial court noted: "Appellant's prior record score ("PRS") is [repeat violent offender category] REVOC. The offense gravity score ("OGS") for rape by forcible compulsion is 12. Therefore, the guidelines call for a [minimum] sentence of 120 months, plus or minus 12 months, and this court's sentence of 5 to 10 years falls well below the guidelines." Trial Court Opinion (TCO), 2/18/25, at 3 (some formatting altered).

[2] Appellant's conviction was a Tier III enumerated offense under 42 Pa.C.S. § 9799.14(d), and the trial court imposed the mandatory three-year term of consecutive probation. **See** N.T., Sentencing, 8/8/24, at 19; 42 Pa.C.S. § 9718.5(a).

[3] Appellant had thirty days from the date that the trial court imposed sentence in which to file an appeal. Pa.R.A.P. 903(a). "Whenever the last day of any such period shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation." 1 Pa.C.S. § 1908. Here, the thirtieth day following the entry of Appellant's judgment of sentence was Saturday, September 7, 2024. Accordingly, Appellant's appeal was timely as it was filed on Monday, September 9, 2024. **See id.**

post-sentence] motion [challenging the discretionary aspects of his sentence] on November 7, 2024… .

TCO at 1-2.

Both the trial court and Appellant complied with Pa.R.A.P. 1925. On appeal, Appellant raises the following issues:

1. Did not the lower court abuse its discretion and issue a manifestly unreasonable sentence where Appellant had been on house arrest for approximately two years without any violations and had severe medical needs that caused him to be rushed to the emergency room multiple times in a few weeks while he was incarcerated pretrial?

2. Did not the lower court issue a sentence that is cruel and unusual punishment where Appellant's suffering from denial of adequate medical care serves no penological purpose?

Appellant's Brief at 4.

In his first issue, Appellant challenges the discretionary aspects of his sentence and argues that the trial court abused its discretion by imposing a sentence of five to ten years of incarceration followed by three years of probation.[4] Appellant's Brief at 18-22. Appellant contends that in light of

_____

[4] Because Appellant entered an open *nolo contendere* plea without an agreement as to sentencing, he is not precluded from challenging the discretionary aspects of his sentence. **See** Written Colloquy for Plea of *Nolo Contendere*, 3/13/24, at 1; **see also Commonwealth v. Bradley**, 326 A.3d 982, 987 (Pa. Super. 2024) (providing that "in terms of its effect upon a case, a plea of *nolo contendere* is treated the same as a guilty plea"); **Commonwealth v. DiClaudio**, 210 A.3d 1070, 1074 n.5 (Pa. Super. 2019) (stating that when an "[a]ppellant enter[s] an open guilty plea as to the sentence imposed, he is not precluded from appealing the discretionary aspects of his sentence).

Appellant's medical condition, the sentence is manifestly excessive. ***See id.*** at 18-19.

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. ***Commonwealth v. Sierra***, 752 A.2d 910, 912 (Pa. Super. 2000). An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
>> We conduct a four-part analysis to determine: (1) whether [the] appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. 720; (3) whether [the] appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[ ] § 9781(b).
>
> ***Commonwealth v. Evans***, 901 A.2d 528, 533 (Pa. Super. 2006).... Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed. ***Commonwealth v. Mann***, 820 A.2d 788, 794 (Pa. Super. 2003)....
>
> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. ***Commonwealth v. Paul***, 925 A.2d 825, 828 (Pa. Super. 2007). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Sierra, supra*** at 912-13.

***Commonwealth v. Griffin***, 65 A.3d 932, 935 (Pa. Super. 2013) (quoting

***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010)).

As stated above, Appellant filed a timely appeal. Further, Appellant included in his brief a Rule 2119(f) statement of the reasons relied upon for allowance of appeal. Next, we must determine whether Appellant properly

preserved his challenge to the discretionary aspects of his sentence. *Griffin*, 65 A.3d at 935.

"To preserve an attack on the discretionary aspects of sentence, an appellant must raise his issues at sentencing or in a post-sentence motion. Issues not presented to the sentencing court are waived and cannot be raised for the first time on appeal." *Commonwealth v. Malovich*, 903 A.2d 1247, 1251 (Pa. Super. 2006) (citations omitted). In order to be considered timely, a post-sentence motion must be filed within ten days from the date sentence was imposed. *See* Pa.R.Crim.P. 720(A)(1). "An untimely post-sentence motion does not preserve issues for appeal." *Commonwealth v. Wrecks*, 931 A.2d 717, 719 (Pa. Super. 2007).

Here, the trial court imposed sentence on August 8, 2024, and Appellant filed his post-sentence motion for reconsideration on August 29, 2024, rendering it untimely. We note that Appellant sought permission within that motion to file his post-sentence motion *nunc pro tunc*. While the trial court may grant such a request, it must do so by specifically granting the motion within thirty days while it retains the jurisdiction to do so. This Court has explained:

> under 42 Pa.C.S. § 5505, if no appeal had been taken, within 30 days after the imposition of sentence, the trial court has the discretion to grant a request to file a post-sentence motion *nunc pro tunc*. . . . the decision to allow the filing of a post-trial motion *nunc pro tunc* is vested in the discretion of the trial court and that we will not reverse unless the trial court abused its discretion.
>
> To be entitled to file a post-sentence motion *nunc pro tunc*, a defendant must, within 30 days after the imposition of sentence,

demonstrate sufficient cause, *i.e.*, reasons that excuse the late filing. Merely designating a motion as "post-sentence motion *nunc pro tunc*" is not enough. When the defendant has met this burden and has shown sufficient cause, the trial court must then exercise its discretion in deciding whether to permit the defendant to file the post-sentence motion *nunc pro tunc*. If the trial court chooses to permit a defendant to file a post-sentence motion *nunc pro tunc*, the court must do so expressly. . . .

*Commonwealth v. Dreves*, 839 A.2d 1122, 1128 (Pa. Super. 2003) (en banc) (some citations and footnote omitted). Further, "[t]he trial court's decision on a request to file a post-sentence motion *nunc pro tunc* must be rendered within 30 days of the imposition of sentence." *Id.* at 1128, n.6 (citing 42 Pa.C.S. § 5505).

Here, Appellant filed his notice of appeal on September 9, 2024. Subsequently, as reflected in the trial court's opinion, the record was remanded to the trial court for consideration of the post-sentence motion. This remand was at Appellant's behest, as he filed a petition to remand on October 4, 2024, correctly noting that "an untimely post-sentence motion does not toll the appeal period and the trial court had not yet ruled on Appellant's request for *nunc pro tunc* consideration of the post-sentence motion." Appellant's Petition, 10/4/24, at 1-2. We granted remand and retained jurisdiction. Order, 11/1/24. The trial court thereafter purported to grant the motion on November 7, 2024. Order, 11/7/24 at 1 (unpaginated). Unfortunately, this order was a legal nullity because the trial court lacked jurisdiction — in other words, the period in which the trial court retained jurisdiction to rule on Appellant's petition to file a post-sentence motion *nunc*

- 6 -

*pro tunc* expired when Appellant filed his notice of appeal on September 9, 2024. Accordingly, the trial court lacked jurisdiction to grant *nunc pro tunc* relief on November 7, 2024. **See** 42 Pa.C.S. § 5505 (allowing for modification or rescission of an order within 30 days after entry if no appeal has been taken); **see also Commonwealth v. Baez-Ortega**, 228 MDA 2021, 2021 WL 2624693, at *2 (Pa. Super. filed June 5, 2021) (unpublished memorandum) (holding that the trial court lacked jurisdiction to grant *nunc pro tunc* relief 30 days after sentence was imposed).[5]

For these reasons, we conclude that the trial court's November 7, 2024 order granting Appellant's petition to file a post-sentence motion *nunc pro tunc* was a legal nullity. **See Commonwealth v. Salley**, 957 A.2d 320, 325 (Pa. Super. 2008) (explaining that an order entered by the trial court when it lacks jurisdiction is a legal nullity). As a result, Appellant failed to preserve his challenge to the discretionary aspects of his sentence by his failure to file a timely post-sentence motion. **See** 42 Pa.C.S. § 5505; **Salley**, 957 A.2d at 325; **Wrecks**, 931 A.2d at 719.

We next address whether Appellant's challenge to the discretionary aspects of his sentence was preserved at the sentencing hearing. **See Griffin**, 65 A.3d at 935. At the sentencing hearing, prior to sentencing, Appellant and his counsel raised Appellant's medical condition and need for treatment.

---

[5] **See** Pa.R.A.P. 126(b) (stating that unpublished, non-precedential memorandum decisions of the Superior Court filed after May 1, 2019 may be cited for their persuasive value).

Specifically, they stated that Appellant could not "make it" in prison due to his ill health and requested house arrest. *See* N.T., 8/8/24, at 9-15, 23-28.

Upon review, we conclude that these statements, which were made prior to the imposition of sentence, failed to preserve Appellant's challenge to the discretionary aspects of his sentence on the record at the time of sentencing. *See Commonwealth v. Else*, 914 EDA 2022, 2022 WL 17491956, at *3 (Pa. Super. filed December 8, 2022) (unpublished memorandum). Similar to the case at bar, in *Else*, prior to the imposition of sentence, defense counsel argued for mitigation. *Id.* However, defense counsel failed to make an oral motion for reconsideration on the basis of the trial court's purported failure to consider mitigating factors or properly weigh sentencing factors set forth in 42 Pa.C.S. § 9721. *Id.* The *Else* Court explained that "[b]ecause there is a distinction between arguing for the imposition of a mitigated sentence and moving for reconsideration on that basis—thus, allowing the trial court to promptly correct its alleged error—we are constrained to find Else's claim waived." *Id.*

We reach the same conclusion here. At Appellant's sentencing hearing, although Appellant mentioned his medical condition, Appellant did not specifically object or state that the sentence imposed was manifestly excessive and failed to account for mitigating factors. Moreover, because Appellant's claims for mitigation based on his medical condition were made prior to the imposition of sentence, Appellant's statements did not provide the trial court an opportunity to reconsider or correct the sentence imposed. *See* N.T.,

- 8 -

8/8/24, at 9-15, 23-28, 32; **Else**, at *3 (citing **Mann**, 820 A.2d at 794) (noting purpose of requirement that defendant raise sentencing issue either at sentencing or in timely post-sentence motion is to give judge opportunity to reconsider or modify sentence on that basis)). Accordingly, Appellant failed to preserve his challenge to the discretionary aspects of his sentence at his sentencing hearing.

However, even if we found that Appellant properly preserved this issue and raised a substantial question, we would conclude there is no basis to grant Appellant relief on this claim. We note that,

> [s]entencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.
>
> Additionally, our review of the discretionary aspects of a sentence is confined by the statutory mandates of 42 Pa.C.S. § 9781(c) and (d). Subsection 9781(c) provides:
>
> The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:
>
>> (1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;
>>
>> (2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or
>>
>> (3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.

> In all other cases the appellate court shall affirm the sentence imposed by the sentencing court.

42 Pa.C.S. § 9781(c).

In reviewing the record, we consider:

> (1) The nature and circumstances of the offense and the history and characteristics of the defendant.
>
> (2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation [(PSI)].
>
> (3) The findings upon which the sentence was based.
>
> (4) The guidelines promulgated by the commission.

42 Pa.C.S. § 9781(d).

***Commonwealth v. Verma***, 334 A.3d 941, 946-47 (Pa. Super. 2025) (some formatting altered and citations omitted).

> When imposing a sentence, the sentencing court must consider the factors set out in 42 Pa.C.S. § 9721(b), including the protection of the public, the gravity of the offense in relation to the impact on the victim and the community, and the rehabilitative needs of the defendant. A sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender.
>
> Additionally, the trial court must consider the sentencing guidelines. However, where the trial court is informed by a [presentence investigation ("PSI")] report, it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed. Further, where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code.
>
> The balancing of the sentencing factors is the sole province of the sentencing court, which has the opportunity to observe the defendant and all witnesses firsthand. In conducting appellate

review, this Court cannot reweigh sentencing factors and impose judgment in place of sentencing court where [the] lower court was fully aware of all mitigating factors.

*Id.* at 947-48 (cleaned up).

As stated above, Appellant argues that he suffers from inoperable lung cancer and requires medical treatment for this condition. Appellant's Brief at 20. Appellant contends that the trial court abused its discretion by imposing a manifestly excessive sentence without considering Appellant's deteriorating health, required medical treatment, and Appellant's rehabilitative needs. ***See id.*** at 16-17, 18-21.

We disagree. The record reflects that the trial court discussed its sentencing rationale and stated:

> Let me start by saying everything I've considered in this case in determining what I believe to be an appropriate sentence in this case. That includes all of the following: The evidence presented in the history of the case, including in the pretrial hearings, the evidence summarized in the no contest plea hearing, everything in the presentencing report, investigation of the prior record score, mental health evaluation, which I've all carefully reviewed, everything presented during the sentencing hearing, including all mitigating evidence presented on behalf of [Appellant], the statement of the victim and the statements on behalf of [Appellant] and the victim, the sentencing guidelines and statutory factors that I am required by law to consider, which include the need to protect the public, the gravity of the offense in relation to the impact on the victim and the community, and the rehabilitative needs of [Appellant].
>
> [Appellant], as you have heard, we've had a very long and detailed conversation about [you] today. Your prior record score is a REVOC. Okay. In my entire career as a judge, I think I've seen two REVOC's, and I've done literally thousands of cases. A REVOC as a prior record score is the combination of an entire life of crime and violence… .

N.T. Sentencing, 8/8/24, at 26-27. The trial court proceeded to further discuss the sentencing guidelines, and it specifically addressed its consideration of Appellant's medical condition and need for medical treatment. *See* N.T. Sentencing, 8/8/24, at 26-28. The trial court stated:

> But what the Commonwealth has asked me for is [a minimum sentence of five years, which is half of the guideline-minimum sentence of ten years]. It's more than reasonable. It's more than reasonable. And given your health status, I am not unsympathetic, but this is a very, very serious case. And so I am going to sentence you in a second, but I'm going to tell you what I just did. I called the deputy commissioner on State Road. You're going to go directly to the hospital of the prison. They're going to make sure that you get what you need, and you're going to be transferred to state custody expeditiously so you can continue to get treatment -- let me finish. Let me finish.
>
> If you are not getting what you need, you and your family can let your lawyer know, and he can let me know. I will do everything I can to ensure that you get treatment while you are in custody.

*Id.* at 27-28.

Our review of the record reveals that the trial court expressly considered mitigating factors, including Appellant's health and medical needs. *See* N.T. Sentencing, 8/8/24, at 26-28. Additionally, the trial court stated its consideration of the PSI report. *See id.* at 3, 26. Further, the record reflects that the trial court considered Appellant's prior record score of REVOC and applicable sentencing guidelines, in addition to relevant sentencing factors such as the need to protect the public, the gravity of the offense in relation to the impact on the victim and the community, and Appellant's rehabilitative needs in crafting Appellant's sentence. *See id.* at 3, 26-28. The trial court sentenced Appellant to a minimum term that was half of the minimum

sentence set forth in the sentencing guidelines, and the trial court stated on the record the efforts it took to transfer Appellant to the prison hospital as soon as he was remanded to the prison. *See id.* at 26-28. We conclude that the trial court considered relevant sentencing factors and was aware of the mitigating factors, including Appellant's medical condition and need for treatment, when it imposed Appellant's sentence. *See id.*; *Verma*, 334 A.3d at 947. This Court will not reweigh the trial court's consideration of sentencing factors on appeal. *See Verma*, 334 A.3d at 947; *see also Commonwealth v. Macias*, 968 A.2d 773, 778 (Pa. Super. 2009) (explaining that the appellate court cannot reweigh sentencing factors and impose its judgment in place of the sentencing court where the sentencing court was fully aware of all mitigating factors). For these reasons, we have no basis to conclude that Appellant's sentence was clearly unreasonable or an abuse of discretion. *See Verma*, 334 A.3d at 947. Accordingly, even if Appellant had not waived his challenge to the discretionary aspects of his sentence, we would conclude that no relief is due.

In his second issue, Appellant argues that this Court should vacate his sentence "because the circumstances presented by his incarceration cause him foreseeable, unnecessary suffering that serves no penological purpose." Appellant's Brief at 22. Appellant states that he requires treatment for lung cancer, and due to this medical condition, the trial court imposed a sentence constituting cruel and unusual punishment in violation of the state and federal constitutions. *Id.* at 22-23. However, Appellant has not argued that the

sentence is disproportionate to the severity of the crime and instead focuses on the adequacy of his medical treatment while incarcerated. *See id.* at 22-24.

Appellant's claim that his sentence violates the federal and state constitutions implicates the legality of his sentence. *See Commonwealth v. Brown*, 71 A.3d 1009, 1015–16 (Pa. Super. 2013) (stating "this Court has long held that a claim that a sentence violates an individual's right to be free from cruel and unusual punishment is a challenge to the legality of the sentence, rendering the claim unwaivable"). Our standard of review for a challenge to the legality of sentence is *de novo* and our scope of review is plenary. *Commonwealth v. Perzel*, 291 A.3d 38, 45 (Pa. Super. 2023).

Regarding claims of cruel and/or unusual punishment, this Court has explained:

> Article 1, Section 13 of the Pennsylvania Constitution provides "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel punishments inflicted." P.A. Const. art. I, § 13. "[T]he guarantee against cruel punishment contained in the Pennsylvania Constitution, Article 1, Section 13, provides no broader protections against cruel and unusual punishment than those extended under the Eighth Amendment to the United States Constitution." *Commonwealth v. Spells*, 612 A.2d 458, 461 (Pa. Super. 1992). The Eighth Amendment does not require strict proportionality between the crime committed and the sentence imposed; rather, it forbids only extreme sentences that are **grossly disproportionate** to the crime. *See Commonwealth v. Hall*, 701 A.2d 190, 209 (Pa. 1997) (citing *Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991)) (emphasis added).
>
> In [*Spells*], this Court applied the three-prong test for Eighth Amendment proportionality review set forth by the United States Supreme Court in *Solem v. Helm*, 463 U.S. 277 (1983):

- 14 -

> [A] court's proportionality analysis under the Eighth Amendment should be guided by objective criteria, including (i) the gravity of the offense and the harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for commission of the same crime in other jurisdictions.

*Spells*, 612 A.2d at 462 (quoting *Solem*, 463 U.S. at 292). However, this Court is not obligated to reach the second and third prongs of the *Spells* test unless "a threshold comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality." *Spells*, *supra* at 463 (citation omitted).

*Commonwealth v. Lankford*, 164 A.3d 1250, 1252-53 (Pa. Super. 2017) (some formatting altered). "A punishment violates the eighth amendment only if it is so greatly disproportionate to an offense as to offend evolving standards of decency or a balanced sense of justice." *Commonwealth v. Ehrsam*, 512 A.2d 1199, 1210 (Pa. Super. 1986) (citation omitted).

In addressing whether a sentence below the mitigated range of the sentencing guidelines constituted cruel and/or unusual punishment because of an appellant's health and age, this Court has stated:

> it is appellant's conduct and not the sentence of the trial court which offends well-established standards of decency. The record demonstrates that the trial court gave full consideration to each of the mitigating factors presented by appellant; and, despite the extremely serious nature of the offense and the presence of a prior conviction for the same offense, the trial court nevertheless sentenced appellant below the applicable recommended mitigated minimum range of the sentencing guidelines. We find no constitutional violation. *Cf. Commonwealth v. Howard*, [540 A.2d 960, 960-961 (Pa. Super. 1988)] (the convict's rehabilitative needs are not the sole focus of an inquiry into whether punishment is so excessive as to constitute cruel and unusual punishment; the gravity of the offense and the protection of the community must also be considered).

***Commonwealth v. Carr***, 543 A.2d 1232, 1235 (Pa. Super. 1988).

In the case at bar, the trial court explained:

Incarcerating the infirm is not *per se* cruel and unusual punishment. [***Commonwealth v. O'Neil***, 573 A.2d 1112, 1114 (Pa. Super. 1990)]. "That [a defendant] may not live to see the end of his term of imprisonment does not, without more, make his sentence of ... imprisonment unconstitutional." ***Id.*** at [1115]. . . . This court was aware of Appellant's health issues at the time of sentencing, carefully balanced them against the severity of his criminal conduct and determined that a significant state sentence was necessary despite Appellant's health. Notably, Appellant's "allegations do not go beyond the adequacy of his treatment. He does not claim his current facility lacks the resources to treat him.... His sole complaint is neglect in treatment and medication, which is capable of being remedied without [resentencing]." ***Commonwealth v. Tuddles***, 782 A.2d 560, 563 (Pa. Super. 2001) (affirming trial court's denial of Tuddles' petition to reduce his sentence to house arrest pursuant to 61 P.S. § 81 (since repealed and replaced by 42 Pa.C.S. § 9777[6])). ...

TCO at 6.

As stated above, the standard sentencing guideline range applicable here was a minimum sentence of 120 months, plus or minus twelve months, with a statutory maximum sentence of 240 months. TCO at 3; N.T., 8/8/24, at 4; 204 Pa. Code § 303.16(a). Appellant's sentence of five to ten years of

---

[6] Section 9777 provides, in part:

If an inmate is committed to the custody of the department, the department, the inmate or a person to whom the court grants standing to act on behalf of the inmate may petition the sentencing court to temporarily defer service of the sentence of confinement and temporarily remove the inmate committed to the custody of the department, or other facility, for placement in a hospital, long-term care nursing facility or hospice care location.

42 Pa.C.S. § 9777(a).

incarceration followed by three years of probation is well below the mitigated range of the sentencing guidelines. 204 Pa. Code § 303.16(a). As the trial court noted, the adequacy of Appellant's care while incarcerated can be addressed without disturbing Appellant's sentence. TCO at 6 (citing **Tuddles**, 782 A.2d at 563; 42 Pa.C.S. § 9777); **see also Commonwealth v. Lightcap**, 806 A.2d 449, 451 (Pa. Super. 2002) (providing that an inmate's motion for transfer due to illness filed pursuant to 61 P.S. § 81, repealed and replaced by 42 Pa.C.S. § 9777, was not subject to the ten-day filing requirement for post-sentence motions pursuant to Pa.R.Crim.P. 720(A)(1)). After review, we conclude that Appellant has not established that his sentence is grossly disproportionate to his crime, and we cannot conclude that Appellant's sentence constitutes cruel and unusual punishment. **See Lankford**, 164 A.3d at 1252. Accordingly, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/24/2026